562 A.2d 931

**George C. KUNEY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (CONTINENTAL DATA SYSTEMS and PMA Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 2, 1989.

Decided July 28, 1989.

William D. Marvin, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, for petitioner.

Howard M. Ellner, Philadelphia, for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

George C. Kuney (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) insofar as it reversed the referee's assessment of counsel fees against Respondents, Continental Data Systems (Continental) and its insurance carrier, PMA Insurance Company (PMA), pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act[1] (Act). Issues presented for review pertain to whether Respondents established a reasonable basis to contest liability. The Board's decision is affirmed in part and reversed in part.

Claimant, a computer salesperson for Continental, was regularly required to lift, carry, and transport computers to the offices of prospective purchasers for demonstration purposes and occasionally directed to unload truck shipments of computers. While unloading computers from a truck on February 4, 1985, Claimant slipped on a patch of ice and sustained a back injury. Claimant notified Continental of the work incident and injury ten days later when he discontinued working due to increasing pain. Shortly thereafter, Claimant sought medical treatment as well.

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996. Section 440 provides in pertinent part that:

> In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, ... a reasonable sum for costs incurred for attorney's fee, ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established ...

 On March 11, 1985, PMA filed a Notice of Denial of Compensation[2] and, on May 20, 1985, Claimant filed a claim petition seeking compensation benefits and medical expenses. After three hearings, the referee directed Continental to pay total disability compensation to Claimant and reimburse Claimant for medical expenses and legal costs.[3] On appeal, the Board affirmed the referee's award of compensation and medical expenses but reversed the referee's assessment of counsel fees on the ground that Respondents had a reasonable basis to contest liability as evidenced by the presentation of conflicting medical opinions. Claimant's petition for review[4] to this Court followed.

Whether there exists a reasonable basis for an employer's contest of liability is a question of law premised upon the referee's findings of fact which are supported by substantial evidence and, as such, fully reviewable by this Court. *MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988). Reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant.

2. In the Notice of Denial of Compensation, PMA stated that compensation was denied to Claimant for the following reason:

 While the claimant's claim for compensation benefits has been denied, the investigation of this matter will be continued and reevaluated and, if in the opinion and judgement [sic] of the PMA Insurance Company the claimant's right to compensation is supported by evidence, the PMA Insurance Company will then pay whatever compensation appears to be due and owing.

3. Counsel fees were presumably requested by Claimant and not assessed *sua sponte* by the referee. *See MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988) (A referee cannot *sua sponte* assess counsel fees). Regardless, this issue has not been presented for review and therefore will not be addressed.

4. Where both parties present evidence, as here, this Court's scope of review is limited to determining whether necessary findings of fact were supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*White v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 103 Pa.Commonwealth Ct. 397, 520 A.2d 555 (1987). It is for the employer to establish such a reasonable basis for contesting liability. *MacNeill.*

We initially note that Respondents decided to contest liability through PMA's filing of a Notice of Denial of Compensation which was supported by neither evidence nor any reason other than an intention to continue an investigation into the matter. Two and one-half months later, Respondents secured medical evidence upon which the Board reversed the referee's assessment of counsel fees.

Although the existence of conflicting medical evidence may provide a reasonable basis to contest liability [5], as asserted by Respondents, the circumstances presented here do not support the Board's conclusion that Respondents' contest was reasonable. Had the testimony of Respondents' medical expert, Dr. Martin L. Beller, been accepted as credible by the referee, it would not have been sufficient, as a matter of law, to support an award in Respondents' favor. Dr. Beller did not testify that Claimant sustained no work-related injury on February 4, 1985. Nor did he testify that Claimant suffered no disability as a result of the work-related injury. To the contrary, he stated that Claimant suffered no residual effects from the February 4, 1985 work incident as of May 3, 1985 and that Claimant was eligible to return to work but would require a reconditioning exercise program as well as lifting and carrying restrictions for some period of time due to his hiatus from work. Dr. Beller's December 26, 1985 Deposition, pp. 39, 42–44; Dr. Beller's May 3, 1985 Medical Report. These statements demonstrate that Claimant is not yet able to resume full working capacity as a result of his hiatus from work while disabled.

Respondents further attempt to justify the reasonableness of their contest by arguing that there existed a genu-

**5.** *See,* e.g., *Drayton v. Workmen's Compensation Appeal Board (Fruehauf Corp.)*, 122 Pa.Commonwealth Ct. 344, 551 A.2d 680 (1988); *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (White)*, 92 Pa.Commonwealth Ct. 318, 500 A.2d 494 (1985).

ine dispute as to the extent and period of Claimant's disability as demonstrated by Dr. Beller's statements. In support, Respondents cite this Court's decision in *White* where we found that the employer was justified in contesting liability to ascertain the period of the claimant's disability in view of the fact that the employer's physician released the claimant to return to work two weeks after the date of the claimant's injury.

▮ Here, unlike the employer's physician in *White*, Dr. Beller qualified Claimant's ability to return to work. The restrictions recommended by Dr. Beller would have effectively precluded Claimant from fully performing the duties of his pre-injury position and bore an adequate causal nexus to Claimant's work-related injury and subsequent disability. Respondents were therefore required to present additional evidence of the availability of work within Claimant's limited capabilities under the principles set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), in order to justify their contest on the basis of Dr. Beller's statements. *See also Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke)*, 114 Pa.Commonwealth Ct. 191, 538 A.2d 617 (1988) and *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar)*, 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987) (The burden shifts to the employer once credible evidence establishes that a claimant cannot perform his pre-injury position due to his work-related injury). Review of the record, however, fails to disclose evidence of work availability.[6]

▮ Respondents alternatively assert that the factual set of circumstances presented here is alone sufficient to support their decision to contest Claimant's version of the events without resort to the medical evidence. However, Respondents failed to offer evidence at the hearings before the referee of any suspicions concerning Claimant's version

6. *See also* Findings of Fact Nos. 34–35, neither of which have been challenged by Respondents and both of which are supported by substantial evidence. These findings state that:

of the events. This failure effected a waiver of the right to raise this issue on review. *See* Pa.R.C.P. 1551; *DeMarco v. Jones & Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (1987). Moreover, the factual doubts now asserted as grounds for contesting liability were not set forth in the Notice of Denial of Compensation as required by Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1, which states in part that:

> If the insurer controverts the right to compensation it shall promptly notify the employe ..., stating the grounds upon which the right to compensation is controverted ...[7]

In short, Respondents initiated this contest without any evidence and, when such evidence was subsequently secured, it was inadequate. What began as an unreasonable contest remained unreasonable. Nor can Respondents' belated attempt to employ a *post-hoc* justification or assert a factual issue which could and should have been recited in

34. The employer did not offer any evidence which would tend to show that the Claimant has residual earning capacity, or has failed to pursue available work within his physical limitations.

35. There was no evidence of any specific jobs within the Claimant's skills and qualifications, which he would be physically capable of performing, other than the efforts which Claimant had in fact made to develop a business interest where he could regulate his own activity level.

7. Other arguments advanced by Respondents are likewise without merit. Respondents cite excerpts from the testimony of Claimant's medical expert, Dr. John DePrisco, which they claim justify their contest. However, this testimony was elicited several months after Respondents' decision to contest liability and thus constitutes an impermissible *post-hoc* justification. *See Drayton; MacNeill;* and *Jones & Laughlin Steel Corp.* Nonetheless, Dr. DePrisco's testimony fails to provide a reasonable basis for Respondents' contest. Respondents assert that pain tests performed upon Claimant by Dr. DePrisco required Claimant's feed-back and were thus improperly described by Dr. DePrisco as objective. This is irrelevant inasmuch as Dr. Beller did not deny that Claimant suffered subjective pain. Respondents further assert that they were justified in resisting payment of Claimant's claim in view of Dr. DePrisco's testimony that, although Claimant's pre-existing condition, osteoporosis, bore no relationship to his work-related injury, the work-related injury restricted Claimant to sedentary work which would aggravate Claimant's pre-existing condition and hamper his recovery from his work-related injury. This is likewise irrelevant. Both medical witnesses restricted Claimant's abil-

their Notice of Denial of Compensation convert this contest from one which was unreasonable into one which is reasonable.

Having found that Respondents failed to sustain their burden of proving a reasonable basis for their contest, the decision of the Board is reversed insofar as it denied counsel fees and affirmed in all other respects.[8]

## ORDER

AND NOW, this 28th day of July, 1989, the order of the Workmen's Compensation Appeal Board is affirmed as to the award of compensation and medical expenses but reversed as to the denial of counsel fees and the referee's assessment of counsel fees is reinstated.

ity to return to his pre-injury position and disagreed only as to the extent of restriction required to accommodate Claimant's reduced physical capacity. Dr. Beller's December 26, 1985 Deposition, pp. 27, 30–31, 39, 43; Dr. DePrisco's October 24, 1985 Deposition, pp. 8–9, 14–15, 22–27. *See also Drayton,* 122 Pa.Commonwealth Ct. at 347–349, 551 A.2d at 682–83.

8. Due to the above disposition of this matter, it is not necessary to address the issue of whether or not a medical examination performed two months after an employer files a Notice of Denial of Compensation may serve as a reasonable basis to contest liability in view of this Court's decisions in *Drayton; MacNeill;* and *Jones & Laughlin Steel Corp.*