595 A.2d 761

**Charles MAJESKY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (TRANSIT AMERICA, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 1990.

Decided July 24, 1991.

400

Brian R. Steiner, for petitioner.

Andrew E. Greenberg, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

KELLEY, Judge.

Charles Majesky (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which deleted from a referee's decision an award of counsel fees based on unreasonable contest, pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act.[1]

Claimant, while employed by Transit America, Inc. (The Budd Co.) (employer), sustained a work-related injury on April 19, 1982. Over the course of the ensuing three years, several final receipts and supplemental agreements were signed, culminating in a supplemental agreement dated April 10, 1985, which acknowledged a recurrence of claimant's disability on April 8, 1985.

During the summer of 1985, claimant was involved in an altercation which resulted in a head injury. Employer filed a termination petition alleging that all disability had ceased as of October 31, 1985. Both claimant and employer presented testimony of medical experts. At the conclusion of a hearing held on October 26, 1987, the referee directed employer's counsel to submit a written summation arguing the merits of his client's position, together with proposed findings of fact. Claimant's counsel was directed to file a written summation and proposed findings of fact within fifteen days after the receipt of employer's summation.

By August of 1988, employer had failed to file either the requested summation or proposed findings of fact. The referee thereafter adopted claimant's proposed findings of fact, which had been filed on February 8, 1988. The referee accepted the testimony of claimant's expert, finding that claimant remained disabled as a result of the work injury. The referee further found that the testimony of two of the employer's three experts actually supported claimant's position, that the employer had presented no clear or credible evidence in support of its position, and that the employer never submitted any evidence of job availability. The referee therefore found an unreasonable contest and ordered

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.

the defendant to pay claimant's counsel fees commencing on the date of the referee's decision.

The Board affirmed the dismissal of the termination petition, but found that the employer had presented a reasonable contest, and modified the referee's decision to delete the award of attorney's fees. The sole question on appeal is the denial of counsel fees.

■ Our scope of review is whether there has been a violation of constitutional rights, error of law, or whether necessary facts are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Section 440 of the Act, 77 P.S. § 996, provides that:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards ... where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

■ In cases involving petitions for termination which are resolved in favor of the employee, an award of attorney's fees is ordinarily the rule, with their exception being proper only where the record has established a reasonable basis for the contest. *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 458, 402 A.2d 715 (1979). The burden of presenting sufficient evidence to establish a reasonable basis for the contest is on the employer. *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth Ct. 521,

534 A.2d 571 (1987). Whether a reasonable contest has been established for the purpose of an award of attorney's fees is a question of law subject to review by this Court, which inquires into whether the suit was brought to resolve a genuinely disputed issue of fact or merely for the purposes of harassment. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988).

We have held that a reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences, and there is absence of evidence that employer's contest was frivolous or filed to harass claimant. *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988). However, the reviewing Court must look at the totality of the circumstances, since the reasonableness of the contest may not necessarily depend on a conflict in the evidence per se. *McConnell*, 111 Pa.Commonwealth Ct. at 523, 534 A.2d at 573.

The fact that the referee decided credibility against employer's experts is not determinative; rather, the inquiry is whether or not the contest was prompted to resolve a genuinely disputed issue. *Kuney v. Workmen's Compensation Appeal Board (Continental Data Systems and PMA Insurance Co.)*, 127 Pa.Commonwealth Ct. 628, 562 A.2d 931 (1989).

In this case, while all of the testimony showed that claimant was disabled, the question of the cause of the disability was hotly disputed. Employer presented medical testimony of Dr. Noubar Didizian, which the referee characterized as follows:[2]

12. Dr. Noubar Didizian examined the claimant on behalf of the defendant once on October 31, 1985. He testified that if the claimant would not have had the head

**2.** Employer also presented medical testimony of two other experts; however, the referee found that this testimony supported a denial of termination rather than a grant.

injury, he could go back to a light duty position and that the claimant's basic problem is the craniotomy, the subdural hematoma and the foot-drop caused by the head injury. Dr. Didizian was of the opinion that the claimant has no residual problems from the low back injuries (cites omitted). The Referee finds the testimony of Dr. Didizian is unpersuasive and speculative and rejects it.

Claimant's expert opined that claimant remained totally disabled from the work injury, but had totally recovered from the head injury. The referee found the testimony of claimant's expert credible and convincing and denied the termination petition. That a "genuinely disputed issue" existed can hardly be denied. Additionally, neither evidence nor findings of an intent to harass are found in the record.

■ Claimant, however, seeks to impose a greater burden on employer to prove reasonableness, arguing that employer's evidence was legally insufficient to support an award in its favor and, therefore, the referee's finding of an unreasonable contest must be reinstated. While we find some merit to this theory, we must reject it based on our prior caselaw.

In *Kuney,* this Court found an unreasonable contest and stated that "[h]ad the testimony of Respondent's medical expert ... been accepted as credible by the referee, it would not have been sufficient, as a matter of law, to support an award in Respondent's favor." 127 Pa.Commonwealth Ct. at 632, 562 A.2d at 933. Although this statement would seemingly support claimant's suggested standard of proof, a closer reading of *Kuney* reveals that the finding of unreasonableness was based on circumstances specific to that case; namely, that at the time employer contested the claim for benefits, it did so without any evidence and, when such evidence was subsequently secured, it was inadequate. *Id.,* 127 Pa.Commonwealth Ct. at 634, 562 A.2d at 935. *Kuney,* therefore, fits into a narrow category of cases which have found an unreasonable contest where employer initiated a contest with no medical evidence, and seeks to justify it through a post hoc medical examination. *See, e.g., Drayton v. Workmen's Compensation Appeal Board*

*(Fruehauf Corp.)*, 122 Pa.Commonwealth Ct. 344, 551 A.2d 680 (1988); *MacNeill v. Workmen's Compensation Appeal Board (Denny's Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988); *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (White)*, 92 Pa.Commonwealth Ct. 318, 500 A.2d 494 (1985).

In this case, there was no post hoc examination. A genuinely disputed issue existed at the time employer filed its termination proceeding. Employer produced competent medical testimony which conflicted with that produced by claimant. To now analyze in hindsight, whether employer could have prevailed on its position, would impose a burden which, we believe, goes beyond that contemplated either by the legislature or our prior caselaw.

Accordingly, the order of the Board is affirmed.

## ORDER

NOW, this 24th day of July, 1991, the order of the Workmen's Compensation Appeal Board, No. A–97279, dated March 16, 1990, is affirmed.