155 Pa. Commonwealth Ct. 254 (1993)
624 A.2d 824
Dennis EIDELL, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (DANA CORPORATION), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs March 8, 1993.
Decided April 26, 1993.
Amended Order May 7, 1993.
*256 Thomas J. O'Brien, for petitioner.
John P. Knox, for respondent.
Before CRAIG, President Judge, and FRIEDMAN, J., and NARICK, Senior Judge.
*257 NARICK, Senior Judge.
Dennis Eidell appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of a referee awarding Eidell attorney's fees pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 996. We vacate and remand.
Eidell was injured at work while in the employ of the Dana Corporation (Employer). Pursuant to a notice of compensation payable dated February 10, 1988, Eidell began collecting benefits for temporary total disability. Eidell signed a final receipt on August 1, 1988, but benefits were reinstated pursuant to a supplemental agreement signed less than three weeks later.
On September 28, 1989, the Employer filed a modification petition alleging that Eidell's benefits should be either suspended or modified. In that petition, the Employer alleged that Eidell had recovered somewhat and was capable of performing light duty work within certain restrictions; the Employer also alleged that Eidell had failed to follow up on at least eight job referrals within his physical capabilities. A hearing on the Employer's petition for supersedeas was held on December 6, 1989. The Employer introduced a series of exhibits which, according to the Employer, showed that Eidell had been informed of available jobs which had been approved by his treating physician but that Eidell never followed up on the referrals. Eidell's attorney informed the referee that Eidell would testify that he had followed up on all of the referrals but was never offered any of the jobs. The referee, thereafter, denied the supersedeas and then entered an order approving Eidell's agreement with his attorney to pay counsel fees of twenty percent. Although the record is less than clear as to the reason, five scheduled hearings between February of 1990 and August of 1990 were never held; the reason in some of those instances was because the Employer's vocational rehabilitation expert failed to appear. When that expert failed to appear at a hearing scheduled on January 16, 1991, the Employer requested yet another continuance but the referee *258 refused the request and stated that he was dismissing the Employer's petition.
Eidell also requested the award of attorney's fees pursuant to Section 440 of the Act, arguing that the Employer had failed to present a reasonable contest. The parties agreed to submit the same exhibits used at the supersedeas hearing for the sole purpose of deciding if the Employer had a reasonable basis for filing the petition.[1] The referee entered a decision dated April 3, 1991, in which he concluded that, because the modification petition had been withdrawn by the Employer and therefore the Employer failed to proceed on the petition, no reasonable contest existed and the Employer was liable to pay attorney fees of twenty percent from June 6, 1989, the date upon which it was claimed that Eidell was capable of returning to light duty work. The Employer sought review from the Board solely on the question of attorney's fees and the Board reversed, concluding that the Employer had presented a reasonable contest. Eidell now seeks our review.
When a petition for modification is resolved in favor of an injured employee, attorney fees will be awarded to the employee unless the employer presents a reasonable contest. Pieretti v. Workmen's Compensation Appeal Board (Denny's Inc.), 135 Pa.Commonwealth Ct. 309, 581 A.2d 990 (1990). The question of whether a contest was reasonable is a question of law, freely reviewable by this Court. Majesky v. Workmen's Compensation Appeal Board (Transit America), 141 Pa.Commonwealth Ct. 398, 595 A.2d 761 (1991). As we stated, "[T]he reviewing Court must look at the totality of the circumstances, since the reasonableness of the contest may not necessarily depend on a conflict in the evidence per se." Id. at 403, 595 A.2d at 764. Evidence that an employer has filed a frivolous petition or intended to harass the injured employee proves an unreasonable contest. North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan), 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988). We *259 have set forth the purpose behind the provisions in Section 440 of the Act; "this section is intended to deter unreasonable contests of workers' claims and to ensure that successful claimants receive compensation undiminished by costs of litigation." Poli v. Workmen's Compensation Appeal Board, 34 Pa.Commonwealth Ct. 630, 632, 384 A.2d 596, 597-98 (1978).
Eidell's position is twofold. He first claims that it is error to conclude a reasonable contest exists merely because the Employer has a reasonable basis for filing the petition. He also argues that a reasonable contest cannot exist unless the Employer offers admissible evidence which, if believed, is capable of establishing the Employer's prima facie case. The Employer, on the other hand, argues that it need not establish its prima facie case when it had a reasonable basis for filing the petition. We believe that portions of each of the parties' argument have merit.
In this case, the Board reversed the referee's award of attorney's fees, noting first that the Employer never withdrew its modification petition; rather, the referee indicated that he was dismissing it. In Pieretti, the employer withdrew its modification petition after the record was closed with the employer never having presented any evidence to meet its burden of proof. We stated:
In our view, Employer's withdrawal of its petition here constitutes an admission that its contest was unreasonable.. . . In any event, where, as here, an employer persists in maintaining a suspension or termination petition absent evidence to support the remedy sought, the employer's contest is unreasonable as a matter of law for purposes of awarding counsel fees under Section 440 of the Act. . . .
Pieretti, 135 Pa.Commonwealth Ct. at 315, 581 A.2d at 994. The Board thus concluded that, since the employer never withdrew its petition, Pieretti was inapplicable and the referee's award of attorney's fees was error. We cannot agree with the Board's analysis of this question.
We recognize that Pieretti is one factor in the equation which must be considered in resolving the present question. *260 We must note, however, that merely looking to see if a petition has been withdrawn or dismissed is not enough; the totality of the circumstances must be considered. Majesky. For example, in Arbogast and Bastian v. Workmen's Compensation Appeal Board (Moyer), 143 Pa.Commonwealth Ct. 447, 599 A.2d 275 (1991), the employer filed a modification petition based upon the opinion of its medical expert that the employee there was capable of performing light duty work. During the pendency of the proceedings, that expert re-examined the employee and changed his opinion, concluding that the employee was incapable of doing any work. At the next scheduled hearing, the employer withdrew its petition. The referee ordered the employer to pay counsel fees in the amount of $1,500.00 and the Board affirmed, noting that the petition had been withdrawn and citing Pieretti. We reversed, stating:
[W]e find no fault or other conduct that could be termed unreasonable on the part of Employer, such as withdrawing its petition under the circumstances presented here; [the expert's] opinion having been changed by Dr. Lynch, a circumstance completely out of the control of Employer. Indeed, Employer's action in this case must be deemed totally without taint and clearly commendable, rather than provide a basis for a sanction in addition to the other obligations Employer here freely accepted on its withdrawal.
Arbogast, 143 Pa.Commonwealth Ct. at 450, 599 A.2d at 276 (emphasis added).
Arbogast must be read as standing for two principles. First, a contest is reasonable if the employer, at the time it files its petition, has evidence which would support that petition. Therefore, we must agree with the Employer in the present case that it acted reasonably in filing its modification petition. That conclusion, however, does not end the analysis as Arbogast also reveals that a change in circumstances can also change the nature of a contest. When the circumstances there changed, the employer responded to that change by withdrawing its petition at the next scheduled hearing. Because of the employer's "commendable" action, we concluded *261 that it should not be penalized on the basis of an unreasonable contest.
In contrast is our decision in Spangler v. Workmen's Compensation Appeal Board (Ford), 145 Pa.Commonwealth Ct. 56, 602 A.2d 446 (1992). There, an injured employee sought compensation for a work-related injury and submitted a medical report that she had suffered a herniated disc. The employer's medical expert examined the employee and reached the same conclusion. Four months later the employer signed a notice of compensation payable. The referee awarded counsel fees and the Board affirmed. On appeal, the employer argued that it should not be liable for attorney's fees because it had signed a notice of compensation payable. We rejected this argument, stating:
[W]hile Employer agreed to resolve this litigation by filing a notice of compensation payable, this resolution was not made until more than ten months after Claimant's injury occurred and almost five months after the hearing process had been initiated. The fact Employer ultimately agreed to pay Claimant her benefits is irrelevant, since Employer paid the benefits only after the hearing process was well underway. Moreover, Employer did not enter any evidence in the record whatsoever controverting its liability or Claimant's injury.
Id. at 61-62, 602 A.2d at 449. Spangler also establishes that facts occurring during the process of litigation can be considered in determining the reasonableness of a contest.
Eidell's argument that a contest is per se unreasonable if the Employer is unable to establish a prima facie case must be rejected. In Majesky, we expressly rejected such an argument. In that case, the employer filed a termination petition. It presented expert medical testimony which at best would have supported a modification of benefits; the employer, however, presented no evidence of job availability. The referee dismissed the termination petition and ordered the employer to pay the employee's counsel fees. The Board affirmed the dismissal of the termination petition but reversed the award of attorney's fees, concluding that the employer had *262 presented a reasonable contest. The employee argued that the employer's failure to present evidence capable of meeting its prima facie case rendered the contest unreasonable. While noting that such a theory had some merit, we nonetheless rejected it. As we explained:
In Kuney [v. Workmen's Compensation Appeal Board (Continental Data Systems), 127 Pa.Commonwealth Ct. 628, 562 A.2d 931 (1989) ], this Court found an unreasonable contest and stated that `[h]ad the testimony of Respondent's medical expert . . . been accepted as credible by the referee, it would not have been sufficient, as a matter of law, to support an award in Respondent's favor.' 127 Pa.Commonwealth Ct. at 632, 562 A.2d at 933. Although this statement would seemingly support claimant's suggested standard of proof, a closer reading of Kuney reveals that the finding of unreasonableness was based on circumstances specific to that case; namely, that at the time employer contested the claim for benefits, it did so without any evidence and, when such evidence was subsequently secured, it was inadequate. Id., 127 Pa.Commonwealth Ct. at 634, 562 A.2d at 935. Kuney, therefore, fits into a narrow category of cases which have found an unreasonable contest where employer initiated a contest with no medical evidence, and seeks to justify it through a post hoc medical examination. . . .
In this case, there was no post hoc examination. A genuinely disputed issue existed at the time employer filed its termination proceeding. Employer produced competent medical testimony which conflicted with that produced by claimant. To analyze in hindsight, whether employer could have prevailed on its position, would impose a burden which, we believe, goes beyond that contemplated either by the legislature or our prior case law.
Majesky, 141 Pa.Commonwealth Ct. at 404-05, 595 A.2d at 764-65 (emphasis added) (citations omitted). We must reject Eidell's argument that the Employer here presented an unreasonable contest because it failed to offer evidence capable of meeting its prima facie case.
*263 Our prior discussion establishes the following relevant points. When an employer files a petition seeking to either terminate or modify benefits it must have a factual basis for filing the petition. If medical evidence is required the employer must have that evidence at the time the petition is filed. If there is no such factual basis the employer is acting unreasonably in filing the petition. Kuney; Majesky. Because a contest is originally reasonable does not mean that legal conclusion cannot change. Arbogast. Because we decide questions concerning the reasonability of a contest on the totality of the circumstances, Majesky, facts which occur during the litigation process must be considered in a decision on whether to award attorney's fees. Arbogast; Spangler. At the risk of being assessed with an employee's counsel fees, the employer must at some time present evidence before the record is closed, Pieretti, Majesky, unless it can offer a valid reason for not presenting evidence. Arbogast.
In the present case, the Employer acted reasonably in filing its modification because all of the medical experts agreed that Eidell was capable of returning to light duty work and the Employer had evidence of job availability to meet its burden under Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.), 516 Pa. 240, 532 A.2d 374 (1987). Nonetheless, the Employer failed to present any evidence on the disputed issue of whether Eidell failed to follow up on referrals of available jobs within his physical capabilities. The Employer's only explanation offered was that the witness was supposed to appear for the hearings but failed to do so. These failures occurred over a period of almost one year. Unlike the actions of the employer in Arbogast who immediately withdrew its petition when its medical expert had a change of opinion, the Employer here merely attempted to seek additional opportunities to present its evidence; even at the last hearing when the witness again failed to appear, the Employer did not offer to withdraw its petition before the record was closed by the referee. During this entire period Eidell was receiving only eighty percent of his compensation because the remainder was being paid to his *264 attorney. The referee refused the Employer's last request for a continuance and closed the record. Because the Employer failed to present evidence before the closing of the record, we are certain that an unreasonable contest existed at that time. Pieretti; Majesky. This conclusion is buttressed by the fact that the Employer has never argued that the referee erred when he closed the record. The failure to present any evidence on the disputed question shows, as a matter of law, the requisite intent to harass an injured employee unless Arbogast applies.
As we have noted before, the Employer argued that a reasonable contest is proven when it shows that it had a reasonable basis for filing the modification petition. That argument is correct but fails to recognize that circumstances can change so that a reasonable contest becomes unreasonable. Eidell argued that this contest was unreasonable because the Employer failed to present any evidence and, therefore, did not prove its prima facie case. While it is unnecessary to always establish a prima facie case, the failure to present any evidence on the disputed question requires a conclusion that the contest was unreasonable. When the reasonable contest became unreasonable must be established.
We have previously stated the well established principle that the determination of whether a contest was reasonable is one of law, dependent on a review of the totality of the circumstances. Majesky. Because of the unique circumstances involved in the present case, we believe a factual determination is necessary to decide the exact point at which this contest became unreasonable after which counsel fees actually incurred may properly be awarded. We believe the referee must find the point in time when the Employer either knew or reasonably should have known that it would not be able to produce the vocational rehabilitation expert to testify.[2] Once the Employer was actually aware, or reasonably should have been aware, of the inability of producing this crucial *265 witness it was required under Arbogast to act immediately to prevent the imposition of counsel fees against it.
The Employer argues that if it is liable for counsel fees, the referee must make a determination of what constitutes a "reasonable" fee under Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service), 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991). In that case, we held that when attorney fees are assessed against an employer under Section 440 of the Act, those fees were limited by the Legislature to that amount representing "a sum . . . related to the work actually done by the attorney. . . ." Id. at 57, 592 A.2d at 361. In our recent decision of Delaware Valley Fish Co. v. Workmen's Compensation Appeal Board (Woolford), 151 Pa.Commonwealth Ct. 787, 617 A.2d 48 (1992), we held that an employer who raised this issue for the first time before this Court had waived the issue. As we stated in that case:
We find, however, that employer has waived this argument. In its appeal from the referee's decision, employer raised two issues: the miscalculation of compensation based on decedent's weekly wage, which the board modified, and the referee's finding regarding the reasonableness of the contest. Employer did not preserve the issue of the amount of the attorney's fees assessed by the referee. We recently held that merely raising the issue of the reasonableness of contest does not preserve the issue of whether the amount of attorney's fees assessed by the referee was reasonable. Transamerican Office Furniture v. Workmen's Compensation Appeal Board (Fanta), [149] Pa.Commonwealth Ct. [95,] 612 A.2d 598 (1992).
Delaware Valley Fish Co., 151 Pa.Commonwealth Ct. at ____, 617 A.2d at 51 (emphasis in original). Similarly, the Employer here made only two arguments before the Board. It argued that the referee erred in awarding attorney's fees because it presented a reasonable contest; it also argued that the referee had no basis for assessing attorney's fees as of June 6, 1989, when the modification petition was not filed until three months later. Nowhere in the appeal to the Board is any mention *266 that, if it is liable for such fees, the referee must determine what constitutes a reasonable amount. We, thus, are convinced that this argument had been waived.
Accordingly we vacate and remand.

ORDER
AND NOW, this 26th day of April, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and the matter is remanded for a determination of when the Respondent knew or reasonably should have known that it would be unable to produce Mr. Michael Creghan to testify in this case. The referee must then determine the actual amount of counsel fees incurred after that point in time.
Jurisdiction relinquished.

AMENDED ORDER
AND NOW, this 7th day of May, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and the matter is remanded for a determination of when the Respondent knew or reasonably should have known that it would be unable to produce Mr. Michael Creghan to testify in this case. The referee shall thereafter award attorney's fees pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act.
NOTES
[1] The Employer has never asserted that the exhibits alone were evidence sufficient to meet its burden of proving that modification of benefits should have been granted.
[2] We must note that the Employer changed counsel in the middle of these proceedings. The referee must decide the importance of this fact, if any.