Veronica RICKS, Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (PARKWAY CORP.),
Respondent.

PARKWAY CORPORATION and
National Union Fire Insurance
Company, Petitioners,

v.

WORKERS' COMPENSATION APPEAL
BOARD (RICKS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Dec. 12, 1997.

Brian R. Steiner, Philadelphia, for petitioner.

Geoffrey D. Lawrence, Philadelphia, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Veronica Ricks (Claimant) and Parkway Corporation (Employer) both petition for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part the order of a Workers' Compensation Judge (WCJ). The Board affirmed the WCJ's grant of benefits to Claimant, but reversed the WCJ's determination of an unreasonable contest and the award of a penalty against Employer. The petitions for review were consolidated by order of this Court, dated June 6, 1997. We affirm in part and reverse in part.

Claimant was employed as a cashier for Employer, collecting tickets and money at a parking garage. On June 12, 1992, Claimant injured her left knee when she hit it against a corner of a metal drawer. Claimant's manager witnessed the incident. Claimant rested and iced her knee over the weekend, but upon returning to work on Monday, Claimant notified her supervisor of the severe pain she was experiencing. On Tuesday, June 16, 1992, Claimant's supervisor requested that she fill out an accident report and escorted Claimant to Jefferson Hospital's Workers' Compensation Clinic for treatment.

Claimant remained out of work until July 1, 1992, when she returned full-time. However, due to increased pain and swelling, on July 8, 1992, Claimant reduced her hours, working part-time until August 31, 1992. Then on September 1, 1992, Claimant was again off work on the advice of her treating physician.

On September 14, 1992, Claimant filed a claim petition, alleging that she was disabled as a result of her work injury. Claimant also filed a penalty petition, alleging that a Notice of Compensation Denial, dated July 30, 1992, was filed by Employer after the twenty-one day limit required by Section 406.1 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. The Notice of Denial only stated that Employer had been unable to complete an investigation. On October 7, 1992, Employer filed answers to Claimant's petitions, denying all the allegations.

At hearings before the WCJ, Claimant testified on her own behalf and presented the deposition testimony of Corey K. Ruth, M.D., one of Claimant's treating physicians. Claimant testified that during the pendency of the case no salary, benefits or medical bills were paid by Employer, except for any hours that Claimant actually worked. Claimant related that Dr. Ruth performed surgery on her knee on November 12, 1992. Claimant acknowledged that Dr. Ruth released her to work without restriction on April 1, 1993, although she still suffered residual pain and swelling.[1] She further testified that after

---

1. In response to a question concerning whether Claimant continued to suffer from residual problems with her knee, Dr. Ruth testified as follows:

receiving Dr. Ruth's return to work order she went to Employer's personnel office, but was informed that she was no longer an employee. Then Claimant sought a job with another employer, securing a position with Exxon Corporation on June 1, 1993, earning less than her pre-injury wage.

Employer presented the deposition testimony of Mario Joseph Arena, M.D., who initially treated Claimant as a result of a referral from Jefferson Hospital's Workers' Compensation Clinic, and the deposition testimony of Murray R. Glickman, M.D., who performed an independent medical evaluation (IME) on August 20, 1992.[2]

The WCJ formulated the following findings of fact concerning the medical testimony:

4. h. On July 14, 1992, Claimant came under the care of Dr. Corey K. Ruth, an orthopedic surgeon. Dr. Ruth diagnosed Claimant as suffering from a knee contusion, lateral menisus [sic] tear, internal derangement and strain which was caused by the June 12, 1992 incident;

i. Claimant was also examined by Dr. Mario Joseph Arena, an orthopedic surgeon on June 22, 1992 and he did not allow Claimant to return to work at that time. Dr. Arena's diagnosis of Claimant was a contusion of the left knee with traumatic synovitis;

(WCJ's decision, p. 4). The WCJ found Dr. Ruth credible. She found Dr. Glickman not credible and Dr. Arena not credible to the extent that his testimony was inconsistent with Dr. Ruth's.

Based on the credible medical evidence and the testimony of Claimant, who was also found credible, the WCJ concluded that Claimant carried her burden of proof and awarded benefits. The benefits covered periods of total and partial disability, including a continuing partial disability benefit begin-

ning June 1, 1993, when Claimant returned to work for Exxon with a wage loss.

In addition, the WCJ awarded attorney's fees of three thousand dollars ($3000.00) to Claimant's attorney, after determining that Employer's contest was unreasonable.[3] This determination was based on the WCJ's finding that:

11. Employer not only witnessed the Claimant's work injury on June 12, 1992 but also helped her obtain medical care and completed an injury report. Employer did not issue a Notice of Compensation Payable even though Claimant had periods of total disability from her job and stopped working completely on September 1, 199[2] as a result of her work injury.

12. Claimant's attorney was forced by Employer's lack of action to file a Claim Petition and a Penalties Petition.

(WCJ's decision, p. 5). The WCJ also granted Claimant's penalty petition, ordering Employer to pay Claimant a penalty of "ten percent (10%) of her lost time compensation for its unreasonable contest." (WCJ's decision, p. 7).

■ Employer appealed to the Board, contesting the award of benefits, the award of attorney's fees for unreasonable contest and the award of a penalty. The Board affirmed the award of benefits, concluding that substantial evidence supported the WCJ's findings of a disability due to Claimant's work-related injury and a wage loss because Claimant's weekly earnings at her new job were less than her earnings pre-injury. However, the Board reversed the award of attorney's fees, explaining that Employer's medical evidence, if believed, would have resulted in a closed period of disability. Therefore, the Board found error in the WCJ's conclusion of an unreasonable contest. The

---

She had retropatellar tenderness and pain underneath her kneecap, improved, but, however, still symtomatic [sic] secondary to chondromalacia and synovitis which is an interarticular knee joint swelling secondary to her damaged knee.

(Dr. Ruth's deposition, p. 21).

2. Although the WCJ's Finding of Fact No. 8 indicates the August 20th date, Dr. Glickman

testified that the IME was performed on August 18, 1992.

3. The three thousand dollar payment was awarded to Claimant's attorney for work performed in conjunction with the filing of the petitions, the taking of depositions and the attendance at hearings, etc. However, attorney's fees from the date of the WCJ's decision forward were ordered to be deducted from Claimant's compensation.

Board also reversed the award of a penalty, concluding that no violation of the Act occurred. Both parties appealed to this Court.[4]

█ Employer argues that although the WCJ accepted Dr. Ruth's opinion and awarded Claimant wage loss benefits for various periods of total and partial disability, the WCJ overlooked Dr. Ruth's release of Claimant to return to full-time work without restriction on April 1, 1993. Relying on *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993), Employer contends that Claimant has a continuing burden of proof to establish a continuing disability up until the record is closed. Thus, because Claimant's physician released Claimant to return to work without restriction on April 1, 1993, Claimant has only proven an initial injury followed by periods of total and partial disability. Next, relying on *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995), Employer argues that a suspension is proper as of April 1, 1993, because Claimant had failed to establish that the wage loss she incurred in taking the job with Exxon related to the work injury.

In response, Claimant contends that *Harle* is not applicable. She points out that in *Harle* a termination petition was at issue, but that initially the employer had accepted liability. Here a claim petition was filed and Employer denied liability. Claimant also argues that Employer cannot advance the defense of Claimant's ability to return to work in response to a claim petition, citing *Abington Memorial Hospital v. Workmen's Compensation Appeal Board*, 539 Pa. 34, 650 A.2d 407 (1994).

█ Employer is correct that in a claim petition a claimant has the burden of proving a continuing disability throughout the pendency of the claim petition. *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 166 Pa.Cmwlth. 141, 646 A.2d 51 (1994). However, evidence of Dr. Ruth's release of Claimant to full duty on April 1, 1993, despite her continuing residual problems, is not the only evidence of record on this point. Claimant's testimony about her attempt to return to her pre-injury job after receiving the return to work notice was also before the WCJ and it is this testimony believed by the WCJ that supports the conclusion that Claimant carried her burden of proving that her disability continued beyond April 1, 1993. This is so, particularly in light of the recognition that the term "disability" is synonymous with loss of earning power. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994). Claimant had no work to return to and chose to seek employment elsewhere.

█ In deciding a claim petition, a WCJ is free to determine the chronological length of the disability. *Innovative Spaces*. Moreover, we do not agree with Claimant's argument that an employer in a claim petition proceeding cannot present evidence that, if believed, would provide a basis for a WCJ to find that a claimant is fully recovered as of a certain date. Employer was free to submit evidence on this issue. However, other than Dr. Ruth's note releasing Claimant to work, Employer presented no evidence upon which the WCJ could have relied to deny continuing benefits to Claimant, i.e., a suspension. Furthermore, no evidence was produced showing job availability, *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), after Employer failed to offer Claimant her pre-injury job.

Moreover, in addition to the distinction that a claim petition was at issue here rather than a request for termination as in *Harle*, Employer failed to show that an economic reason was the precipitating event that precluded Claimant from resuming her pre-injury job. We therefore conclude that the Board correctly affirmed the WCJ's decision

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

granting benefits to Claimant with the accompanying reduction to partial benefits at the time Claimant began her new job with Exxon.

■ We now turn to Claimant's argument that the Board erred in reversing the WCJ's grant of attorney's fees for unreasonable contest. Claimant points to numerous findings by the WCJ to support her contention that Employer failed to prove that the contest was reasonable, including that Claimant's supervisor witnessed the injury, completed the injury report and accompanied Claimant for medical treatment. Claimant also contends that neither a Notice of Compensation Payable nor Denial was filed within the twenty-one days required by the Act and that when it was filed on July 30, 1992, it offered no reason for denial except an intent to continue to investigate.

Section 440 of the Act, 77 P.S. § 996, states:

> In any contested case where the insurer has contested liability in whole or in part, ... the employe ... in whose favor the matter at issue had been finally determined in whole or in part shall be awarded, in addition to the award of compensation, a reasonable sum for costs incurred for attorney's fee ... : Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established.

■ Employer has the burden of presenting sufficient evidence to establish a reasonable basis for the contest. *Striker v. Workmen's Compensation Appeal Board (California University of PA)*, 168 Pa. Cmwlth. 298, 650 A.2d 1109 (1994). Whether a reasonable basis exists for an employer's contest of liability is a question of law based on the WCJ's findings that are supported by substantial evidence. *Kuney v. Workmen's Compensation Appeal Board (Continental Data Systems)*, 127 Pa.Cmwlth. 628, 562 A.2d 931 (1989), *petitions for allowance of appeal denied*, 527 Pa. 604, 605, 589 A.2d 694 (1990). This question is fully reviewable by this Court. *Id.*

In *Kuney*, the employer filed a timely Notice of Compensation Denial, but indicated that investigation into the matter was continuing. The *Kuney* court noted that the existence of conflicting medical evidence may provide a reasonable basis to contest liability, but explained that factual doubts for contesting liability should have been set forth in the Notice of Compensation Denial as required by Section 406.1 of the Act, which in part states that "[i]f the insurer controverts the right to compensation it shall promptly notify the employe ... , stating the grounds upon which the right to compensation is controverted....." In holding that the employer failed to carry its burden proving an unreasonable contest, the *Kuney* court explained:

> [Employer] initiated this contest without any evidence and, when such evidence was subsequently secured, it was inadequate. What began as an unreasonable contest remained unreasonable. Nor can [employer's] belated attempts to employ a post-hoc justification or assert a factual issue which could and should have been recited in their Notice of Denial of Compensation convert this contest from one which was unreasonable into one which is reasonable.

*Id.* 562 A.2d at 935. Relying on evidence elicited months after the decision to contest the claim constitutes an impermissible post-hoc justification. *Id.*

Thus, here Employer not only failed to timely file its Notice of Compensation Denial; it indicated a continuing investigation without a basis in fact. Employer was certainly aware of the injury, did not comply with Section 406.1 of the Act, and now attempts to rely on the IME performed three weeks after its denial of liability. We also note that although Employer initially denied liability it now accepts liability until April 1, 1993. Under the circumstances here, the results from the IME do not turn this contest from one that was unreasonable to start into one that is reasonable. Accordingly, the Board's order reversing the WCJ's grant of attorney's fees is reversed.

■ Claimant next argues that the Board erred in reversing the WCJ's grant of a penalty. Claimant recognizes that the Board correctly stated that for a penalty to be awarded there must be a violation of the Act, which must appear in the record. *See Moore*

*v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.)*, 676 A.2d 690 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 546 Pa. 658, 684 A.2d 559 (1996). Claimant contends that even though the WCJ ordered Employer to pay a penalty for its unreasonable contest, the record clearly evinces a violation of the Act.

Employer responds that because the WCJ did not make a finding that it had violated the Act, the Board's order reversing the penalty should stand. However, Employer concedes that the record contains evidence of a violation, i.e., the failure to timely file a Notice of Compensation Denial, but that it is a *de minimis* violation and that even if the contest was initially unreasonable shortly thereafter it was reasonable.

█ If a violation of the Act appears in the record, the imposition of a penalty is at the discretion of the WCJ. *Moore.* Here, the WCJ exercised her discretion and found that a penalty was proper, based on an unreasonable contest predicated on Employer's failure to issue a Notice of Compensation Payable after witnessing the occurrence of the injury. Clearly, Employer violated the Act by failing to comply with the twenty-one day time limit. Additionally, Employer further violated Section 406.1 of the Act, in not promptly investigating the injury of which it had notice. *See Geiger v. Workmen's Compensation Appeal Board (Circle Fine Art Corp.)*, 654 A.2d 19, 20 (Pa.Cmwlth.1994), where the court explained that "[w]hile a finding of unreasonable contest is not in itself a violation of the Act, an employer's failure to promptly investigate an injury constitutes a violation of the Act that warrants a[WCJ] imposing a penalty." Employer waited more that six weeks to deny Claimant's claim expressing the need to investigate further. This delay constitutes a failure to promptly investigate in violation of the Act.

Accordingly, we affirm the Board's order in so far as it affirms the WCJ's grant of benefits to Claimant. We reverse the Board's order denying the award of attorney's fees and a penalty and reinstate the WCJ's order in this regard.

*ORDER*

NOW, December 12, 1997, the order of the Workers' Compensation Appeal Board is affirmed in so far as it affirms the WCJ's grant of benefits to Claimant, but is reversed as it pertains to the denial of attorney's fees and a penalty, and the WCJ's order in this regard is reinstated.