**Thomas GRADY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LUTZ t/a Top of the Line Roofing, Uninsured Employers Guaranty Fund and ACS Claims Service), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 2011.

Decided Aug. 5, 2011.

Wayne F. Green, Lancaster, and Daniel J. Siegel, Havertown, for petitioner.

Karyn Dobroskey Rienzi, Philadelphia, for respondents Top of the Line Roofing and Jerome Lutz.

Brian W. Carter, Harrisburg, for respondent PA Uninsured Employers Guaranty Fund.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY President Judge LEADBETTER.

Claimant Thomas Grady petitions for review from that portion of the December 20, 2010 order of the Workers' Compensation Appeal Board (Board) that reversed the Workers' Compensation Judge's (WCJ) award of attorney's fees against Employer Lutz t/a Top of the Line Roofing for an unreasonable contest under Section 440(a) of the Workers' Compensation Act (Act).[1] We affirm.

On July 12, 2007, Claimant suffered a T12 burst fracture resulting in paraplegia of both lower extremities and depression when he fell from a rooftop. On November 14, 2007, Claimant filed a claim petition naming Jerome Lutz t/a Top of the Line Roofing as his employer, alleging that he suffered his injuries in the course of employment with Employer and seeking payment for loss of wages (full disability from July 13, 2007 to November 14, 2007), medical bills and counsel fees. In its an-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a). In pertinent part, Section 440(a) of the Act provides as follows:

(a) In any contested case where the insurer has contested liability in whole or in part, ... the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, ... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

swer, Employer denied the allegations in the claim petition and averred that Claimant was an independent contractor. On November 15, 2007, Claimant filed a second claim petition with the same allegations, this time naming both Employer and the Uninsured Employers Guaranty Fund. In its answer, the Fund denied Claimant's allegations.[2]

Once before the WCJ, the parties agreed to bifurcate the matter and permit her to first decide the threshold issue of whether Claimant was an employee or an independent contractor before proceeding with the remainder of the case. After considering testimony from both Claimant and Mr. Lutz, the WCJ in a July 9, 2008, interlocutory decision ultimately concluded that Claimant was an employee at the time of injury. In addition, the WCJ in a January 14, 2009 decision concluded that Employer did not present a reasonable contest after July 9, 2008, stating as follows:

> The Employer had a reasonable basis to contest the matter until such time as the decision on the threshold issue of employer vs. independent contractor was issued on July 9, 2008. At that time, there was no real issue of material fact left to be decided as the parties agreed to Claimant's medical condition. Accordingly, the Employer should have begun the payment of compensation benefits to the Claimant. Therefore, an unreasonable contest counsel fee will be awarded. This Judge finds the 20% attorney fee should be paid by the Employer and NOT deducted from Claim-

ant's share of the award until the date of this decision. Thereafter the 20% attorney fee should be deducted from Claimant's share of the award.

WCJ's January 14, 2009 Decision, Finding of Fact No. 22.

On appeal, the Board affirmed that part of the WCJ's decision finding that Claimant was an employee, but reversed the award of attorney's fees and stated as follows:

> After the Interlocutory Decision was issued by the WCJ, in which Claimant was found to be an employee, [Employer] did not put forth any evidence or take any action which would require Claimant to prove his case. In fact, both parties entered into an agreement that Claimant's medical condition was not at issue in this litigation and accordingly there would be no medical evidence submitted by either party. Therefore, because [Employer] did not actually contest this matter but simply did not pay compensation benefits, we believe that the WCJ erred in awarding Claimant unreasonable contest attorneys' [sic] fees.

Board's December 20, 2010 Decision at 8. Claimant's petition for review to this Court followed.[3]

Section 440(a) of the Act states, "where a claimant succeeds in a litigated case reasonable counsel fees are awarded against the employer, as a cost, unless the employer meets its burden of establishing facts sufficient to prove a reasonable basis

---

2. As the Fund notes in its brief, Section 1601 of the Act provides that it "shall not be considered an insurer and shall not be subject to penalties, unreasonable contest fees or any reporting and liability requirements under section 440." Section 1601 of the Act, added by Section 7 of the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2701. It is liable, however, for workers' compensation benefits due and payable under the Act. Section 1602(c) of the Act, added by Section 7 of the Act of

November 9, 2006, P.L. 1362, 77 P.S. § 2702(c).

3. The propriety of the imposition of attorney's fees for an unreasonable contest is a question of law subject to plenary review by the Board and this Court. *Jordan v. Workers' Comp. Appeal Bd. (Phila. Newspapers, Inc.)*, 921 A.2d 27 (Pa.Cmwlth.2007).

for the contest." *U.S. Steel Corp. v. Workers' Comp. Appeal Board (Luczki),* 887 A.2d 817, 820 (Pa.Cmwlth.2005). Indeed, the award of attorney's fees is mandatory under Section 440(a) unless the employer meets its burden. *Yeagle v. Workmen's Comp. Appeal Bd. (Stone Container Corp.),* 157 Pa.Cmwlth.597, 630 A.2d 558, 559 (1993). In determining whether a contest is reasonable, we must look to the totality of the circumstances. *Eidell v. Workmen's Comp. Appeal Bd. (Dana Corp.),* 155 Pa.Cmwlth.254, 624 A.2d 824 (1993). Generally, a contest is reasonable if it is prompted by a genuinely disputed issue rather than to harass a claimant. *Id.* When circumstances change, an employer's response to the change in circumstances must be reasonable. *Id.*

 In the present case, Claimant argues that Employer's contest became unreasonable as of the date of the WCJ's July 9, 2008 decision because 1) there was undisputed evidence establishing that Claimant was an employee; 2) the WCJ had issued an interlocutory order confirming that he was an employee; 3) the parties had entered into a stipulation that Claimant's disability was not in dispute and that, in the event that the WCJ ruled that Claimant was an employee, no medical evidence would be presented; and 4) no other issues of material fact were in dispute. He maintains, therefore, that Employer, without any legal or factual basis, failed to pay wage losses from the date of the WCJ's July 9, 2008 interlocutory decision until her January 14, 2009 final decision.

In support of his position, Claimant contends that the Board's decision is inconsistent with the plain language of Section 440(a) of the Act and contrary to this Court's holdings in *Yeagle, Lemansky v. Workers' Compensation Appeal Board (Hagan Ice Cream Company),* 738 A.2d 498 (Pa.Cmwlth.1999), and *Boothman v.*

*Workmen's Compensation Appeal Board (City of Philadelphia),* 74 Pa.Cmwlth.234, 459 A.2d 1317 (1983), cases in which initially reasonable contests subsequently became unreasonable. In *Yeagle,* employer's contest became unreasonable when its examining physician advised it that claimant's injury was work-related and it nonetheless continued to contest the claim in hopes of finding a medical witness who could rebut claimant's proof. In *Lemansky,* an unreasonable contest existed where there was no dispute as to the compensability of a work-related injury but an insurer's claim management policy failed to acknowledge that fact so as to avoid maintaining two open claims thereby forcing claimant to file a claim petition. In *Boothman,* there was an unreasonable contest where employer admitted liability for medical expenses and failed to present rebuttal to the claim petition.

Further, Claimant asserts that the Board's decision is contrary to the humanitarian purposes of the Act in that the Board has sanctioned an employer's decision to await a final determination before paying benefits, without any basis in fact or law, when the content of a final decision was clear and inevitable. Claimant maintains that the Board's determination *sub silentio* reverses longstanding case law such as *Yeagle,* holding that an employer's contest can become unreasonable when the basis for the contest disappears. Claimant acknowledges that Employer's contest of the employment relationship was reasonable, but maintains that thereafter the contest became unreasonable such that its obligation to pay benefits should have accrued prior to a final order. We disagree. Rather, we agree with the Board that the WCJ erred in determining that Employer's contest became unreasonable as of the date of the July 9, 2008 interlocutory decision. In holding to the contrary, the WCJ conflated the concepts of failure to pay benefits when due—a violation of the

Act—with forcing the claimant to prove things which are not legitimately disputed—an unreasonable contest. Where an employer fails to pay benefits which are due, it is subject to the imposition of penalties; when it unnecessarily extends the litigation, it is subject to the payment of counsel fees. These are distinct sanctions provided by the Act for distinct types of improper behavior.

Moreover, the WCJ in her July 2008 interlocutory decision decided only the limited bifurcated issue of whether Claimant was an employee. Indeed, in that decision, she recited that the parties at the first hearing "agreed to bifurcate[ ] the matter and allow this Judge to decide the *threshold* issue of 'Independent Contractor versus Employee' status prior to proceeding with the *remainder* of the case." WCJ's July 9, 2008 Decision, Finding of Fact No. 6 (emphasis added). She did not direct Employer to begin paying workers' compensation benefits in her July 2008 decision, as there were disputed issues remaining as to the calculation of

Claimant's average weekly wage and corresponding workers' compensation rate.[4] Ultimately, she decided those issues in her January 2009 decision based on defense exhibits and Claimant's live testimony.[5] Thus, even if imposition of unreasonable contest fees were a proper remedy for failure to pay benefits, Employer had no obligation to pay benefits when the July 2008 interlocutory decision was entered.[6] In addition, there was no basis to find that Employer unnecessarily protracted the contest with a dispute that was not genuine or reasonable, nor did the WCJ make any such finding.

For the above reasons, therefore, we affirm.

### ORDER

AND NOW, this 5th day of August, 2011, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

4. Employer stipulated to Claimant's injuries, but the parties disputed whether his average weekly wage should include wages that he earned from welding work and repairing equipment.

5. In that final decision, the WCJ made detailed findings resolving the parties' evidence as to Claimant's hourly rate and specifically ordered Employer to pay compensation benefits to him from July 13, 2007 forward at the rate of $367.24 per week, with the statutory ten percent interest payable on all due compensation. Additionally, she addressed Claimant's child support obligations, which she did not touch upon in her interlocutory decision.

6. While it is true that Section 406.1(d)(1) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1(d)(1), provides that employers, without prejudice and without admitting liability, can initiate compensation in situations where compensability or the extent of liability is uncertain, employers are not required to do

so. One of the tradeoffs for not initiating compensation payments and choosing to delay them, of course, is the potential for imposition of interest at the rate of ten percent per annum on all due and unpaid compensation. Section 406.1(a) of the Act, 77 P.S. § 717.1(a).

Here, the claim petition was disputed and neither the alleged employer nor the Fund was inclined to make proactive compensation payments. Given the fact that the Fund was created to cover situations where liable employers failed to insure or self-insure their workers' compensation liability and the administrator of the Fund is required to establish and maintain it for the exclusive purpose of paying claimants "workers' compensation benefits *due and payable*," the Fund may not be too quick to make proactive payments in disputed cases. Section 1602(c) of the Act (emphasis added). In any event, the January 14, 2009 order directing payment commenced the obligation to pay benefits.