**Noreen THOMPSON, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CINEMA CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 2009.

Decided Sept. 24, 2009.

---

**19.** In light of our disposition of this case, we do not address the legal issue of novation raised by Hospitals.

David Brown, Philadelphia, for petition-
er.

Leah M. Lewis, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Noreen Thompson (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) decision to grant her claim petition. However, both the WCJ and the Board denied Claimant's request for *quantum meruit* attorney's fees for unreasonable contest. It was the position of Claimant's employer that her accident did not occur on its premises and, therefore, did not occur in the scope of her employment. The Board concluded that the employer's contest was a reasonable one. We affirm.

Cinema Center (Employer) is a movie theater located in a strip mall. Since September 2006, Claimant has been employed there as a ticket taker and usher, working approximately 15 hours per week. Claimant sustained an injury to her left shoulder on February 12, 2007, when she fell while walking to her car after work. Her treating orthopedic surgeon diagnosed the injury as a severe humeral head fracture, which required shoulder surgery followed by a course of physical therapy. Claimant returned to her regular job on March 29, 2007.

Claimant filed a claim petition seeking total disability benefits for the closed period from February 13, 2007, to March 29, 2007; payment of her medical bills; and payment of her counsel fees. Employer filed a timely answer denying that Claimant sustained a work-related injury. Employer also issued a Notice of Compensation Denial explaining that the claim was denied because Employer did not believe the incident occurred on Employer's premises; thus, Claimant's injury was not compensable under Section 301(c)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), as she was not injured in the course and scope of her employment.[1] At the hearing before the WCJ, Employer stipulated that the only issue in contest was whether Claimant's injury had occurred in the scope of employment.[2]

 Claimant did not contend that she was furthering Employer's business at the time of her injury. Nevertheless, Claimant could prove that her injury occurred in the course of employment by establishing that: (1) her injury occurred on the employer's premises; (2) she was required by the nature of her employment to be present on the employer's premises; and (3) the injury was caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Markle v. Workers' Compensation Appeal Board (Bucknell University)*, 785 A.2d 151, 153 (Pa.Cmwlth.2001). Whether an employee is injured in the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact. *Id.*

Claimant testified on her own behalf, describing the parking situation at work. Employer's movie theater is located at the end of the shopping center. The shopping center parking lot is located in front of

---

1. An injury is compensable under the Act only if it is sustained in the course and scope of employment. Pursuant to Section 301(c)(1) of the Act, 77 P.S. § 411(1), in order for an injury to occur in the course and scope of employment, it must be sustained upon the employer's premises or while furthering the employer's business.

2. Accordingly, we will not discuss Claimant's medical reports.

Employer's theater and also to the right side of the theater building. Claimant drives to work each day and can park anywhere in the shopping center parking lot; there are no designated parking spaces for Employer's employees. Members of the public also can park anywhere in the lot.

On February 12, 2007, when she arrived for work, Claimant parked on the right side of the building. At 4:00 p.m., Claimant clocked out, left by the door that was closest to her car and walked out onto a concrete sidewalk that leads to the asphalt parking lot. Claimant explained that a "lip" or uneven area exists where the concrete and asphalt meet; she lost her footing at the uneven area and fell onto her left side. Reproduced Record at 15a–16a (R.R. ——).[3] Claimant testified that the weather was clear, and there was no snow or ice present on the parking lot. Claimant estimated that the spot where she fell was 13 to 15 feet from the exit door and less than 10 feet from her car.

Employer presented testimony from Trudy Withers, Executive Vice–President of Theater Operations. She explained that Employer owns the building that houses the movie theater but does not own the sidewalk or parking lot; rather, the owner of the strip mall (Landlord) owns that property. Employer pays Landlord a fee for use and maintenance of "common areas," which include the sidewalk and parking lot. R.R. 46a. Landlord is responsible for snow removal, changing parking lot lights and similar duties. There are no assigned parking spots; employees may park anywhere in the shopping center parking lot without charge. Employer has no control over where employees park or where shopping center customers park.

There are always enough parking spaces for all 35 employees. Withers acknowledged that it was appropriate for Claimant to park where she did and that Claimant was required to walk across the area where the accident occurred in order to go from the theater to her car.

Employer submitted the lease agreement into evidence. Section 8 of the lease is entitled "Common Area" and confirms that the common area includes parking areas, sidewalks and curbs. The lease provides that Employer and "its employees, agents, and customers shall have the non-exclusive right to the use or benefit of the Common Area" and Employer "acknowledges that the Common Area may also be used by occupants and/or invitees of properties adjoining the Shopping Center, whether or not owned, leased or managed by Landlord." R.R. 70a (Lease sections 8(A) & 8(B)).

■ The WCJ considered the evidence and issued a decision and order granting Claimant's claim petition. The WCJ found in relevant part as follows:

42. This [WCJ] accepts as credible [C]laimant's testimony in its entirety, including her description of the location and mechanism of her fall, and that she tripped on the lip while stepping from the cement sidewalk to the asphalt parking lot; and that she was walking from the theatre to her car, which was parked in the shopping center's parking lot where she and other employees of [Employer] always parked....

\* \* \*

44. This [WCJ] accepts generally the testimony of Ms. Withers as credi-

---

**3.** Claimant submitted into evidence photographs of the uneven area where she fell, which depict a three foot long area where the concrete is one and a half inches higher than the asphalt. R.R. 60a–61a.

ble based on her demeanor at the hearing, and finds that it is consistent with [C]laimant's testimony. This [WCJ] finds that Ms. Withers' testimony regarding the lack of control which [Employer] exercises over where its employees and customers park, the landlord's obligation to maintain the common areas, and the landlord's contract with a local company to salt the parking lot when there is a big snowfall, while credible, is not dispositive of the issue of whether [C]laimant's injury occurred in the course and scope of her employment with [Employer].

45. This [WCJ] finds that [C]laimant has satisfied all of the elements in her Claim Petition. Although [C]laimant's injury did not occur in the furtherance of the business or affairs of [Employer], this [WCJ] finds that she satisfied the three conditions necessary for her injury to be considered "in the course and scope of her employment." Pursuant to the case law, [C]laimant's injury occurred on [Employer's] "premises," as the term encompasses more than just the property owned by [Employer]—it also encompasses the sidewalk and parking lot; her presence was required by the nature of her employment as she was required to traverse the sidewalk and parking lot to reach her car; and her injury was caused by a condition of the premises, no-

tably the lip between the sidewalk and parking lot, on which she tripped.

* * *

47. This [WCJ] finds that [Employer] engaged in a reasonable contest, as the case law requires that certain specific factual findings are necessary to determine whether [C]laimant's injury occurred while she was within the course and scope of employment.

WCJ Decision, July 24, 2008, at 5–7; Findings of Fact 42, 44–45, 47. Based on his findings, the WCJ granted Claimant's petition, awarding her a closed period of total disability benefits followed by a suspension based on her return to work, payment of her medical bills and litigation costs. Because he concluded that Employer's contest was reasonable, the WCJ did not award *quantum meruit* attorney's fees. Claimant appealed the WCJ's denial of attorney's fees, and the Board affirmed. Claimant then petitioned for this Court's review.[4]

 On appeal, Claimant presents one issue for our consideration. Claimant contends that both the WCJ and the Board erred by concluding that Employer's contest was reasonable.

 Under Section 440 of the Act, 77 P.S. § 996, a claimant who is successful in whole or in part in the litigation is entitled to an award of attorney's fees, unless the employer's contest is reasonably based.[5]

---

4. This Court's scope and standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

5. Section 440(a), added by the Act of February 8, 1972, P.L. 25, provides in relevant part:

 In any contested case where the insurer has contested liability in whole or in part ... the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attor-

The employer has the burden of presenting sufficient evidence to establish a reasonable basis for its contest. *Frankford Hospital v. Workers' Compensation Appeal Board (Walsh)*, 906 A.2d 651, 656 (Pa.Cmwlth.2006). Whether an employer's contest is reasonable is a question of law fully reviewable on appeal. *Essroc Materials v. Workers' Compensation Appeal Board (Braho)*, 741 A.2d 820, 826 (Pa. Cmwlth.1999).

▮▮▮ A reasonable contest is established where the employer presents medical evidence that is contrary to the claimant's evidence and where it is evident that the employer's contest is not frivolous or done to harass the claimant. *United States Steel Corp. v. Workers' Compensation Appeal Board (Luczki)*, 887 A.2d 817, 821 (Pa.Cmwlth.2005). However, it is axiomatic that

> the reviewing court must look at the totality of the circumstances, since the reasonableness of the contest may not necessarily depend on a conflict in the evidence per se.

*Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)*, 141 Pa.Cmwlth.398, 595 A.2d 761, 762 (1991). The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue, which can be a legal or factual issue, or both. *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.)*, 140 Pa.Cmwlth.68, 591 A.2d 372, 374 (1991).

In arguing that Employer's contest was unreasonable, Claimant focuses on the WCJ's finding that Withers' testimony was not dispositive of the course and scope of employment issue. Claimant argues that

the contest was unreasonable because Employer did not show that a conflict in the evidence existed or that the evidence was susceptible to contrary inferences. However, as explained above, the fact that Employer's evidence was not contrary to Claimant's evidence does not mean its contest was unreasonable. This Court must look at the totality of the circumstances to determine whether there was a genuinely disputed issue in this case.

▮▮▮ The sole issue here concerned the first prong of Claimant's burden of proof regarding course and scope of employment, *i.e.,* whether the area where Claimant fell was, in fact, Employer's "premises." For purposes of the Act, the "premises" is property "owned, leased or controlled by the employer *to a degree where that property could be considered an integral part of the employer's business.*" *Ortt v. Workers' Compensation Appeal Board (PPL Services Corp.)*, 874 A.2d 1264, 1267 (Pa.Cmwlth.2005) (emphasis added). Claimant argues that a parking lot leased by Employer was part of its "premises," and there can be no debate on this point. Employer, on the other hand, contends that the testimony of Withers and the lease agreement presented a genuine legal issue as to whether the leased property constituted Employer's "premises." Employer's evidence showed that its use of the common areas was not exclusive and that Employer had no control over where its employees park. These facts could support a conclusion that the accident did not occur on its premises.

In support, Employer points to *Ortt*, 874 A.2d 1264. In that case, the claimant

---

ney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be ex-

cluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a).

slipped and fell on ice in the "Colonial Parking Lot" while walking to her car after work. The employer owned four parking lots and also leased 174 parking spaces from Colonial Parking, which the employer offered to its employees at a reduced cost. The remainder of the parking lot was open to the general public, and Colonial Parking was responsible for maintaining the lot. This Court affirmed the denial of the claimant's claim petition on the basis that the Colonial Parking Lot was not part of the employer's premises because it was not integral to the employer's business. Relevant to this determination were the facts that the lot was owned and operated by a private company; the claimant was not required to park in that particular lot; and the claimant paid for her own parking space.

Another recent case addresses the question of whether a parking lot constitutes the employer's premises. In *Waronsky v. Workers' Compensation Appeal Board (Mellon Bank)*, 958 A.2d 1118 (Pa.Cmwlth. 2008), the claimant parked in a parking garage owned by the employer where members of the public could also park. The claimant was struck by a car as she crossed the street to get to employer's building. This Court affirmed the denial of her claim petition after determining that the parking garage was not integral to the employer's business because the employer did not mandate where its employees parked.

██ As *Ortt* and *Waronsky* illustrate, the mere fact that the employer leases or even owns a parking lot or garage where the employee was injured is not dispositive of the question of whether a parking area is part of the employer's "premises."

Such a determination requires an examination of many other facts, such as the employer's requirements on parking.

Here, Employer did not own the sidewalk or parking lot but, rather, paid Landlord a fee for maintenance and the non-exclusive right to use those areas. However, Employer did not mandate where employees should park and the entire parking lot was open for use by members of the public. Although Employer did not prevail,[6] the record shows that there was a genuinely disputed issue as to whether the area where Claimant fell was Employer's "premises" for purposes of the Act. Therefore, the Board did not err in concluding that Employer's contest was reasonable.

Accordingly, we affirm the Board's order.

Judge PELLEGRINI concurs in the result only.

### ORDER

AND NOW, this 24th day of September, 2009, the order of the Workers' Compensation Appeal Board dated March 9, 2009, in the above-captioned matter is hereby AFFIRMED.

---

**6.** Because Employer did not appeal the grant of the claim petition, we make no determination as to the correctness of the WCJ's conclusion that Claimant was injured on Employer's "premises."