## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Miloro,                                                    :
                                                                   :
                              Petitioner                           :
                                                                   :
              v.                                                   :
                                                                   :   No. 1262 C.D. 2016
Workers' Compensation Appeal                                       :   Submitted: November 23, 2016
Board (Department of Veterans                                      :
Affairs and Inservco Insurance                                     :
Services),                                                         :
                                                                   :
                              Respondents                          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                              **FILED:  January 20, 2017**


Nicholas Miloro (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his request for unreasonable contest attorney fees with respect to a petition to modify benefits filed by the Commonwealth of Pennsylvania (Employer).  We affirm.

Claimant sustained a low back injury and herniated disc at the L5 level in 2002 in his employment with Employer and began receiving total disability benefits of $347.38 per week under the Workers' Compensation Act (the

Act)[1] for that injury. (WCJ Decision Finding of Fact (F.F.) ¶1.) Prior to the proceedings at issue here, Claimant's benefits were modified to partial disability benefits based upon an impairment rating evaluation and the amount of Claimant's benefits was reduced to $185.08 per week to account for Claimant's receipt of a pension for which Employer was entitled to an offset. (*Id.* F.F. ¶¶2-3.)

On July 16, 2014, Employer filed a modification petition seeking to reduce Claimant's disability benefits based on a labor market survey in accordance with Section 306(b)(2) of the Act.[2] This petition was based on the medical opinion of Dr. Berman, an orthopedic surgeon who examined Claimant on Employer's behalf, and Mr. Kushner, a vocational expert who evaluated Claimant for Employer and identified four employment opportunities that were approved by Dr. Berman as within Claimant's physical abilities. The WCJ held a hearing on the modification petition at which Claimant testified and received testimony by trial deposition of four witnesses: Dr. Berman and Mr. Kushner, Claimant's treating neurologist, who testified that Claimant was not capable of returning to work in any capacity, and a vocational expert retained by Claimant, who testified that the positions identified by Mr. Kushner were not within Claimant's physical limitations. (WCJ Decision F.F. ¶¶5-9.) Claimant's counsel also submitted a quantum meruit attorney fee statement and requested that the WCJ award attorney fees for his work opposing the modification petition.

On October 1, 2015, the WCJ issued a decision denying Employer's modification petition. The WCJ found the testimony of Claimant and his treating

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[2] Added by the Act of June 24, 1996, P.L. 350, No. 57, § 4, *as amended*, 77 P.S. § 512(2).

neurologist and vocational expert credible, and rejected the testimony of Dr. Berman and Mr. Kushner as not credible to the extent that their testimony conflicted with the testimony of Claimant's experts. (WCJ Decision F.F. ¶¶10-13.) Based on these credibility findings, the WCJ held that Employer failed to satisfy its burden of proving that Claimant had earning power sufficient to support a modification of his benefits. (*Id.* Conclusions of Law ¶¶2-3.) The WCJ also ruled that Employer established a reasonable basis for contest and denied Claimant's counsel's request for attorney fees, noting that "[h]ad I credited Dr. Berman's testimony that Claimant could perform light duty work with additional modifications, and had I credited Mr. Kushner's testimony that in his experience such additional modifications could be accommodated by two of the potential employers, Employer would have prevailed in this matter." (*Id.* F.F. ¶15.) Claimant appealed the denial of attorney fees to the Board. Employer did not appeal the denial of its modification petition. On July 1, 2016, the Board affirmed the WCJ's decision. Claimant now appeals the Board's affirmance of the denial of attorney fees to this Court.[3]

Section 440(a) of the Act[4] provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment

---

[3] Our review is limited to determining whether there has been any error of law or violation of Board procedures or constitutional rights, and whether the WCJ's necessary findings of fact are supported by substantial evidence. *Thompson v. Workers' Compensation Appeal Board (Cinema Center),* 981 A.2d 968, 972 n.4 (Pa. Cmwlth. 2009). The issue here, whether Employer's litigation of its modification petition was a reasonable contest, is a question of law fully reviewable by this Court. *Thompson*, 981 A.2d at 973.

[4] Added by the Act of February 8, 1972, P.L. 25.

3

arrangements or to set aside final receipts, <u>the employe</u> or his dependent, as the case may be, <u>in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee,</u> witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: <u>Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer</u>.

77 P.S. § 996(a) (emphasis added).  The burden of establishing a reasonable basis for the contest is on the employer.  *Thompson v. Workers' Compensation Appeal Board (Cinema Center)*, 981 A.2d 968, 973 (Pa. Cmwlth. 2009); *Costa v. Workers' Compensation Appeal Board (Carlisle Corp.)*, 958 A.2d 596, 601-02 (Pa. Cmwlth. 2008); *Striker v. Workmen's Compensation Appeal Board (California University of PA)*, 650 A.2d 1109, 1111 (Pa. Cmwlth. 1994).  This burden is satisfied and attorney fees are properly denied to a prevailing claimant where the parties' evidence is conflicting and where the employer's contest was brought to resolve a genuinely disputed factual or legal issue.  *Thompson*, 981 A.2d at 973; *Costa*, 958 A.2d at 602; *Schachter v. Workers' Compensation Appeal Board (SPS Technologies)*, 910 A.2d 742, 746 (Pa. Cmwlth. 2006); *Striker*, 650 A.2d at 1111.

Claimant argues that Employer's evidence was insufficient to support its modification petition even if found credible and that there was therefore no genuine dispute that could make its contest reasonable.  We do not agree.

Claimant bases his argument on the contentions that Employer's medical expert, Dr. Berman, testified that Claimant would need breaks every one to two hours and that none of the jobs identified by Employer's vocational expert satisfied this requirement.  These assertions, however, are not an accurate characterization of the evidence that Employer presented to the WCJ.  Dr. Berman

4

testified that the breaks that Claimant would need consisted only of the ability to stand up and walk briefly and Dr. Berman specifically approved the four positions identified by Mr. Kushner as jobs that Claimant was capable of performing. (Employer Ex. E, Berman Dep. at 21-22, 25-26 & Ex. C thereto, Reproduced Record (R.R.) at 21a-22a, 25a-26a, 73a-80a.) The job description for the position of sales representative at Progressive Business Publications expressly provided for "breaks as needed throughout the day." (Employer Ex. E, Berman Dep. Ex. C, R.R. at 73a.) In addition, all four job descriptions provided that the employee could change position from sitting to standing while working: the job descriptions for Progressive Business Publications and the New Pig Energy customer service specialist stated that "[t]he employee may change positions as needed by sitting or standing at the work station as desired" and the descriptions for the positions of cashier at Lowe's and Walmart stated that "[s]itting and standing will occur intermittently through the work shift and at the employees discretion" and that "[c]hange of position between sitting and standing during the shift would occur at the discretion of the employee." (*Id.*, R.R. at 73a, 75a, 77a, 79a.) Moreover, Mr. Kushner testified that he knows from personal experience dealing with Lowe's and Walmart that those two employers make accommodations for employee disabilities. (Employer Ex. F, Kushner Dep. at 13-14, 16-17, R.R. at 97a-98a, 100a-101a.) Employer's evidence, if found credible, was therefore sufficient to prove that Claimant had earning power that could support a modification of his benefits.

While Employer failed to prove that Claimant had earning power, that was because the WCJ found Claimant and his expert witnesses more credible than Dr. Berman and Mr. Kushner, not because Employer's evidence was legally

5

insufficient. (WCJ Decision F.F. ¶¶10-13, 15.) Because the medical and vocational expert testimony conflicted and Employer's modification petition involved a genuine factual dispute, Employer's contest was reasonable and attorney fees were properly denied. *Thompson*, 981 A.2d at 973; *Costa*, 958 A.2d at 602; *Schachter*, 910 A.2d at 746-47; *Striker*, 650 A.2d at 1111. We therefore affirm the order of the Board.

_____
JAMES GARDNER COLINS, Senior Judge


Judge Hearthway did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Miloro,                      :

                                :

            Petitioner          :

                                :

            v.                :

                                :    No. 1262 C.D. 2016

Workers' Compensation Appeal    :

Board (Department of Veterans      :

Affairs and Inservco Insurance      :

Services),                        :

                                :

           Respondents     :

## O R D E R

AND NOW, this 20th day of January, 2017, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge