## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roberta Harris,                                  :
                        Petitioner              :
                                                 :
          v.                                     :
                                                 :
Workers' Compensation Appeal                     :
Board (Giant Food Stores),                       :    No. 194 C.D. 2019
                        Respondent              :    Submitted: February 28, 2020


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED:  July 27, 2020


        Roberta Harris (Claimant) petitions for review from the January 23, 2019 order of the Workers' Compensation Appeal Board (Board) denying her request for attorneys' fees pursuant to Section 440(a) of the Workers' Compensation (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996(a),[1] because the Board concluded that Giant Food Stores (Employer) had a reasonable basis to seek modification of her benefits.  Also before this Court is Employer's request for attorneys' fees against Claimant's counsel for filing a frivolous appeal pursuant to Pennsylvania Rule of Appellate Procedure 2744 (Rule 2744).  Upon review, we affirm the Board's order denying Claimant attorneys' fees under Section 440(a) of Act and we deny Employer's request for attorneys' fees pursuant to Rule 2744.

---

[1] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

## Factual Background

On September 18, 2003, Claimant injured her lower back while she was lifting a 40-pound box of crab legs while working as a seafood clerk at Employer's store located in Plymouth Meeting, Pennsylvania. Petition for Review ¶ 6. Employer issued a Temporary Notice of Compensation Payable that converted to a Notice of Compensation Payable, accepting liability for a lower back strain/sprain and confirming total disability payments at a weekly rate of $337.50, based on an average weekly wage of $429.60. *Id.* ¶ 9. In July of 2004, Claimant moved to North Carolina due to economic hardship. Certified Record (C.R.) Item No. 34, WCJ Decision, Finding of Fact (F.F.) #1b.

## Procedural Background

In 2005 and 2006, Employer filed petitions to modify, suspend and terminate Claimant's benefits. C.R. Item No. 15, WCJ Amended Decision. By order circulated on April 27, 2007, a WCJ denied the petitions, concluding that Employer failed to prove it offered a specific job within Claimant's capabilities or that Claimant had fully recovered from her work-related injury. *Id.*

Almost a year later on April 17, 2008, Employer filed a modification petition alleging it offered Claimant a specific job Claimant was capable of performing but that Claimant failed to return to work. C.R. Item No. 4. On the same day, Employer filed a petition with the WCJ seeking an order to compel Claimant to attend a vocational interview. C.R. Item No. 2. A few months later on August 4, 2008, Employer filed a petition with the WCJ seeking an order to compel Claimant to attend an independent medical examination (IME) because the last IME was conducted on November 8, 2007. C.R. Item No. 8. By order circulated August 19, 2008, the WCJ

granted Employer's petitions and ordered Claimant to attend a vocational interview and an IME. C.R. Item No. 10, WCJ Order. Claimant failed to attend either so Employer sought the suspension of her benefits,[2] which the WCJ ultimately granted by order dated December 23, 2008. C.R. Item No. 15, WCJ Amended Decision, F.F. #10. The modification petition remained unresolved.

On April 9, 2009, the WCJ issued another order granting Employer's second request for an IME and vocational interview and, as part of this order, the WCJ, again, expressly directed Claimant to attend these appointments. C.R. Item No. 12, WCJ Interlocutory Order. Claimant failed to complete either and the WCJ issued an order on August 31, 2009, noting that Claimant has unreasonably delayed the litigation and directing Claimant to appear at the next scheduled hearing where Employer may submit evidence to support its unresolved modification petition. C.R. Item No. 13, WCJ Interlocutory Order. Claimant failed to appear for the hearing on the modification petition and the WCJ accepted evidence on the merits of the petition. C.R. Item No. 15, WCJ Amended Decision at 2. By amended decision and order circulated February 9, 2010,[3] the WCJ granted Employer's modification petition and modified Claimant's wage loss compensation to $1.11 per week as of February 15, 2008. C.R. Item No. 15, WCJ Amended Order.

Claimant appealed the WCJ's order to the Board, and, upon review, the Board concluded that it could not complete its review because "none of the documents that the WCJ relied upon are in the record." C.R. Item No. 18, Board Opinion and

_____

[2] Upon Employer's application, the WCJ granted a supersedeas of the payment of Claimant's benefits effective February 15, 2008. C.R. Item No. 11, WCJ Interlocutory Order; Supersedeas Granted.

[3] Initially, the WCJ issued an order on January 28, 2010, incorrectly suspending Claimant's benefits rather than modifying them. C.R. Item No. 14, WCJ Order.

Order at 4. The Board remanded the matter to the WCJ and directed him to complete and/or reconstruct the record to clarify whether Claimant's benefits are to be suspended or modified and, if necessary, to reconsider his decision and order. *Id*. at 6. Nearly six years after the remand order,[4] the WCJ circulated a new decision and order on August 24, 2017, wherein he rendered the following conclusions:

1. [Employer] sustained its burden in its [m]odification [p]etition and is entitled to modification based on the job offer.

2. However, [s]uspension had been granted by the [o]rder [of] December 23, 2008[,] and now, nearly nine years after, Claimant still has failed to appear for a physical examination.

3. The [o]rders of 2008 and 2010 remain in effect and no change is warranted.

C.R. Item No. 22, WCJ Decision and Order, Conclusions of Law. On September 12, 2017, Claimant filed an appeal with the Board alleging that Employer's modification petition should have been denied because she had attended a medical examination and she provided evidence of a disability. C.R. Item No. 23, Appeal. Claimant also argued that Employer's job offer and its contest of this matter was unreasonable. *Id*. On June 28, 2018, Employer responded with a motion to quash alleging that Claimant's appeal was late and cannot be considered. C.R. Item No. 25, Employer's Motion to Quash.

The Board, by opinion and order mailed January 23, 2019, denied Employer's motion to quash and reversed in part and denied in part the WCJ's order.

---

[4] The WCJ did not explain why six years had elapsed between the Board's remand order and the WCJ's issuance of his decision and order.

C.R. Item No. 27, Board Opinion and Order at 13. The Board concluded that the WCJ erred when it granted Employer's modification petition reasoning that:

> The job [Employer] offered to Claimant in February 2008 was in its store in Plymouth Meeting, Pennsylvania, where Claimant worked at the time of her 2003 injury. However, in his April 27, 2007, [d]ecision and [o]rder, [the WCJ] . . . had found that Claimant moved to North Carolina in July 2004 to live with family due to economic hardship. . . . [Employer] does not dispute that Claimant still lived in North Carolina in February 2008 and has continued to live there through the present. Thus, per the Court's holding in [*Motor Coils MFG/WABTEC v. Workers' Compensation Appeal Board (Bish)*, 853 A.2d 1082, 1086-87 (Pa. Cmwlth. 2004),] the job offer at the heart of [Employer's] current [m]odification [p]etition was not available to Claimant and the WCJ erred in granting that [p]etition.

*Id.* at 9-10. Although the Board determined that Claimant should have prevailed on the modification petition, the Board concluded that Claimant was not entitled to unreasonable contest attorneys' fees because "[t]he evidence shows that the extent of [Claimant's] disability and earning power was a genuinely disputed issue." *Id.* at 11. The Board further noted that "given the highly unusual circumstances in this case, it would be very difficult to conclude that [Employer's] contest was unreasonable." *Id.* at 11-12. The Board also concluded that the suspension order remained in effect based upon Claimant's refusal to submit to the vocational interview and/or the IME, which was the basis of the WCJ's December 23, 2008 order. *Id.* at 10 & 12. Based on the foregoing, the Board issued an order that (1) reversed Employer's modification petition based upon the job offer; (2) denied Employer's motion to quash; and (3) in all other respects affirmed the WCJ's decision and order. *Id.* at 13.

On February 19, 2019, Claimant petitioned this Court for review of the Board's January 23, 2019 decision and raised two issues. First, Claimant challenged

5

the Board's decision and order to the extent that it held that her benefits remain suspended and sought reversal of the suspension order. Petition for Review (Petition) ¶ 2, Relief Requested (2). Second, Claimant challenged the Board's holding that she was not entitled to attorneys' fees based on an unreasonable contest brought by Employer and sought an award of attorneys' fees and costs as a penalty. *Id.* at 13, Relief Requested (3). In response, Employer filed a motion to quash Claimant's Petition asserting that it was untimely as the WCJ suspended her benefits over 10 years ago by decision and order on December 23, 2008. Employer's Motion to Quash ¶ 9.

After argument on Employer's motion to quash, this Court, by order dated June 12, 2019, granted Employer's motion to the extent Claimant challenged the December 23, 2008 suspension of her benefits because Claimant did not timely appeal the suspension. *Harris v. Workers' Comp. Appeal Bd. (Giant Food Stores)* (Pa. Cmwlth., No. 194 C.D. 2019, filed June 12, 2019), slip op. at 6. This Court, however, noted that Employer's motion to quash did not address the second issue raised by Claimant in her Petition, that is whether the Board erred by concluding that she was not entitled to an award of unreasonable contest attorneys' fees. *Id.* Therefore, this Court ruled that the matter will proceed for consideration of the issue of unreasonable contest attorneys' fees. *Id.* at 7.

On June 21, 2019, Claimant filed a motion for reconsideration of this Court's June 12, 2019 order partially quashing her appeal. *See* Claimant's Motion for Reconsideration of Order Partially Quashing Appeal filed 6/21/19. By order dated July 12, 2019, this Court denied Claimant's motion for reconsideration. Cmwlth. Ct. Order dated 7/12/19. On July 19, 2019, Claimant filed a second motion for reconsideration of this Court's June 12, 2019 order. *See* Claimant's Further Motion for Reconsideration of Order Partially Quashing Appeal filed 7/19/19. By order dated

6

July 24, 2019, this Court denied Claimant's second motion pursuant to Pennsylvania Rule of Appellate Procedure 2547 ("Second or subsequent applications for [reconsideration] . . . will not be received."). Cmwlth. Ct. Order dated 7/24/19.

On September 21, 2019, Claimant filed a supplemental brief to support her request for attorneys' fees and "Volume I" of her reproduced record. On September 23, 2019, Claimant filed a motion to supplement the record with "Volume II" of her reproduced record. *See* Claimant's Motion for Supplementation of Original Record dated 9/23/19. Employer answered Claimant's motion on October 1, 2019, and argued that Claimant's records are "wholly irrelevant to the narrow issue pending before the . . . Court, which is whether the WCJ erred in not awarding attorneys' fees." Employer's Response to Claimant's Motion for Supplementation of Original Record filed 10/1/19 ¶ 11. After review of the parties' filings, this Court denied Claimant's request and ordered Volume II stricken from the reproduced record, as Volume II only contained records that addressed the suspension of Claimant's benefits which were not relevant given the limited nature of the issues before this Court. Cmwlth. Ct. Order dated 10/4/19.

On October 25, 2019, Employer filed an application seeking attorneys' fees to be assessed against Claimant's counsel pursuant to Rule 2744. *See* Employer Application for Attorneys' Fees dated 10/25/19 (Employer's Application). This Court, by order dated November 26, 2019, ordered that Employer's request for attorneys' fees be considered with the merits of Claimant's appeal. Cmwlth. Ct. Order dated 11/26/19.

We now consider the two issues remaining in this matter, that is, whether the Board erred in holding that Claimant was not entitled to attorneys' fees pursuant to Section 440(a) Act for an unreasonable contest allegedly brought by Employer[5] and

---

[5] This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were

whether Employer is entitled to attorneys' fees pursuant to Rule 2744 for a frivolous appeal brought by Claimant. We begin with Claimant's request for unreasonable contest attorneys' fees.

## A. Unreasonable Contest Fees

Claimant asserts that the Board erred when it concluded that she is not entitled to an award of attorneys' fees with respect to Employer's modification petition. Section 440(a) of the Act provides that a claimant who is successful in whole or in part in a litigated claim is entitled to a reasonable sum for attorneys' fees unless the employer proves that its contest is reasonably based. 77 P.S. § 996(a).[6] Whether an employer's contest was reasonable is a question of law, freely reviewable by this Court. *Essroc Materials v. Workers' Comp. Appeal Bd. (Braho)*, 741 A.2d 820, 826 (Pa. Cmwlth. 1999). The reviewing court must look at the totality of the circumstances surrounding the contest. *Eidell v. Workmen's Comp. Appeal Bd. (Dana Corp.)*, 624 A.2d 824 (Pa. Cmwlth. 1993). The reasonableness of an employer's contest depends

---

violated, whether constitutional rights were violated or whether an error of law was committed. *Thompson v. Workers' Comp. Appeal Bd. (Cinema Ctr.)*, 981 A.2d 968, 972 n. 4 (Pa. Cmwlth. 2009).

[6] Section 440(a) provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in additional to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or insurer.

77 P.S. § 996(a).

on whether the contest was prompted to resolve a genuinely disputed issue, which can be a legal or factual issue or both. *Thompson v. Workers' Comp. Appeal Bd. (Cinema Ctr.)*, 981 A.2d 968, 973 (Pa. Cmwlth. 2009). A contest is reasonable if the employer, at the time it files its petition, has evidence which would support its petition and it is obvious that the contest is not frivolous or commenced to harass the claimant. *Id.* at 973. The purpose of Section 440(a) of the Act is "intended to deter unreasonable contests of workers' claims and to ensure that successful claimants receive compensation undiminished by the costs of litigation." *Eidell*, 624 A.2d at 826.

Here, the Board concluded that Employer presented a reasonable contest because the "extent of [Claimant's] disability and earning power was a genuinely disputed issue." C.R. Item No. 27, Board Opinion and Order at 11. An employer can seek to modify a claimant's benefits based upon a change in a claimant's medical condition or based upon a change in the earning power of a claimant. *See* Sections 306(b)(2)-(3) and 413 of the Act, 77 P.S. §§ 512(2)-(3), 772; *Lewis v. Workers' Comp. Appeal Bd. (Giles & Ransome, Inc.)*, 919 A.2d 922, 925-26 (Pa. 2007); *Rebeor v. Workers' Comp. Appeal Bd. (Eckerd)*, 976 A.2d 655, 658 (Pa. Cmwlth. 2009). To prevail in a modification petition based upon a change in earning power, the employer must either: (1) offer to a claimant a specific job that it has available, which the claimant is capable of performing or (2) establish "earning power" through expert opinion evidence including job listings with employment agencies, agencies of the Department of Labor and Industry, and advertisements in a claimant's usual area of employment.[7] *See S. Hills Health Sys. v. Workers' Comp. Appeal Bd. (Kiefer)*, 806

---

[7] These options are provided in Section 306(b)(2) of the Act, which provides as follows:

"Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with

9

A.2d 962, 968 (Pa. Cmwlth. 2002); *see also Kachinski v. Workmen's Comp. Appeal Bd. (Vepco Constr. Co.)*, 532 A.2d 374, 380 (Pa. 1987). If an employer seeks a modification of benefits based on an offer of a specific job with employer, the employer must show that the offered job is within the claimant's physical capabilities and actually available to a claimant. *H.M. Stauffer & Sons, Inc. v. Workmen's Comp. Appeal Bd. (Davis)*, 687 A.2d 869, 871 (Pa. Cmwlth. 1996). To be actually available, the offered job must be within the reach of a claimant's current residence. *Motor Coils MFG/WABTEC*, 853 A.2d at 1086 (citing *USAir, Inc. v. Workers' Comp. Appeal Bd. (Keene)*, 706 A.2d 888 (Pa. Cmwlth. 1998); *City of Pittsburgh PMA Mgmt. Corp. v. Workers' Comp. Appeal Bd. (Ferraro)*, 705 A.2d 492 (Pa. Cmwlth. 1998)). Once employer meets its burden, the burden shifts to claimant to establish that she acted in good faith with respect to the proffered job. *H.M. Stauffer & Sons, Inc.*, 687 A.2d at 871.

In this case, the WCJ and the Board found that Employer's modification petition was supported by an IME performed on November 8, 2007, and a specific job offer made to Claimant on February 15, 2008. C.R. Item No. 22, WCJ Decision, F.F.

---

agencies of the department, private job placement agencies and advertisements in the usual employment area. Disability partial in character shall apply if the employe is able to perform his previous work or can, considering the employe's residual productive skill, education, age and work experience, engage in any other kind of substantial gainful employment which exists in the usual employment area in which the employe lives within this Commonwealth. If the employe does not live in this Commonwealth, then the usual employment area where the injury occurred shall apply. If the employer has a specific job vacancy the employe is capable of performing, the employer shall offer such job to the employe.

77 P.S. § 512(2).

##5-7, C.R. Item No. 27, Board Opinion and Order at 8. *Eidell*, 624 A.2d at 827 (stating that "a contest is reasonable if the employer, at the time it files its petition, has evidence which would support that petition"). Claimant, however, contends that Employer did not have evidence to support its modification petition because the request for modification was "premised solely upon the [C]laimant's failure to report for a job offer in Pennsylvania," more than 800 miles from Claimant's North Carolina residence. Claimant's Suppl. Brief at 15.

Employer was aware that Claimant had relocated to North Carolina when it filed its modification petition. C.R. Item No. 34, WCJ Decision, F.F. #1b & C.R. Item No. 27, Board Opinion and Order at 9. However, when evaluating the reasonableness of Employer's contest, we must consider the "totality of the circumstances" to assess whether Employer brought the contest to harass claimant or to resolve a genuinely disputed issue. *Eidell*, 624 A.2d at 826-27; *Majesky v. Workmen's Comp. Appeal Bd. (Transit Am., Inc.)*, 595 A.2d 761, 764 (Pa. Cmwlth. 1991).

Here, Claimant contends that Employer never offered any other basis for contesting her benefits "aside from the refusal to report to Pennsylvania for the offered job." Claimant's Brief at 15. However, Employer did not have an opportunity to establish any other basis, such as Claimant's change in disability status or earning power, because Claimant refused to comply with orders to attend a vocational interview and an IME. As explained by the Board, Claimant's benefits were suspended via the WCJ's December 23, 2008 decision and order because she did not comply with his orders to attend a vocational interview and an IME. Claimant did not appeal any of the WCJ's Orders directing her to attend the examinations and

11

suspending her benefits for failure to attend or even offer a reason for her noncompliance. C.R. Item No. 27, Board Opinion and Order at 10.

Specifically, the WCJ issued orders on August 19, 2008, and April 9, 2009, directing Claimant to attend a vocational interview and an IME, but Claimant failed to attend or respond. C.R. Item No. 15, WCJ Amended Decision at 2. When Claimant refused to respond to the WCJ's August 19, 2008 order, the WCJ suspended her benefits. C.R. Item No. 15, WCJ Amended Decision, F.F. # 10. The WCJ's April 9, 2009 order again directed Claimant to attend an IME and vocational interview, noting that the appointments should be made "on separate days in or near Philadelphia with the understanding that [Employer] will bear the expense of travel from North Carolina and return and one night's stay in a hotel . . . ." C.R. Item No. 12, WCJ Interlocutory Order. Because the Claimant continued to ignore the WCJ's orders to attend an IME and a vocational interview, the WCJ entered an interlocutory order where he summarized the conduct of Claimant's attorney and Claimant in this litigation:

> The latest development is communication by an attorney disbarred in the Commonwealth of Pennsylvania (Allen L. Feingold) purportedly acting not as attorney but rather as a friend advising me that the attorney currently of record for [C]laimant (Jeffery Stephen Pearson) has been suspended from the practice of law. Feingold, not acting as an attorney, suggests a hearing today would be a waste of time and requests a continuance. Feingold asserts . . . that [C]laimant is without funds and unable to travel, even though [Employer] is responsible for travel arrangements.
> . . . .
> Indeed, these petitions have been delayed by [C]laimant's failure to attend permissible examinations or interviews and by filing lawsuits against the selected examiners. Having been dismissed in the courts below, [C]laimant has appealed

> the dismissal to the Supreme Court of Pennsylvania, where the appeal is pending and is guaranteed to be up there [for] upwards of a year.
>
> Quite sensibly, the examiners will not proceed while being sued. The effect of this litigation has been to delay disposition of these petitions for an outrageous period of time.
>
> Suspended counsel had previously admitted that [Claimant] had been *coming to Philadelphia from North Carolina in order to see her treating physician.* That she has been unable to do the same in order to attend the legally permissible defense exam or interview is a wonder.

C.R. Item No. 13, WCJ Interlocutory Order (emphasis added). As part of his interlocutory order, the WCJ directed Claimant to appear at the next scheduled hearing either *pro se* or with an attorney licensed to practice law in Pennsylvania. *Id.* Another hearing was scheduled, but Claimant did not appear and, as a result, the WCJ accepted Employer's evidence on the merits of the modification petition and closed the record. C.R. Item No. 15, WCJ Amended Decision at 2.

As provided herein, the record shows that Employer attempted to obtain updated evidence after filing its April 2008 modification regarding the nature of Claimant's disability and earning power, but Claimant did not cooperate by submitting to the ordered IME and vocational interview nor did Claimant respond on the record as to why she could not comply or was unwilling to comply with the WCJ's orders. As a result, Employer could not make an assessment of whether to continue with its modification petition or to withdraw it based on a change in Claimant's disability or earning power. The Board's conclusion that Employer prompted the contest to resolve a genuine issue of fact, that is, the extent of Claimant's disability and earning power is supported by the record and, therefore, the Board did not err by denying Claimant's

13

request for attorneys' fees under Section 440(a) of the Act. We now turn to Employer's request.

### B. Rule 2744 Attorneys' Fees

Employer asserts that it is entitled to an award of attorneys' fees from Claimant's counsel pursuant to Rule 2744 because this appeal is frivolous. Rule 2744 allows an appellate court to award attorneys' fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. The imposition of counsel fees and costs under this rule is solely within this Court's discretion. *In re Appeal of Dunwoody Village*, 52 A.3d 408, 424 (Pa. Cmwlth. 2012). An appeal is frivolous if the realistic chances of success are slight and continuation of the contest is unreasonable. *Waste Mgmt. v. Unemployment Comp. Bd. of Review*, 651 A.2d 231, 236 (Pa. Cmwlth. 1994). An appeal is not frivolous merely because it lacks merit or is unsuccessful. *In re Appeal of Dunwoody Village*, 52 A.3d at 424; *84 Lumber Co., L.P. v. Fish Hatchery, L.P.*, 934 A.2d 116, 118 (Pa. Super. 2007). Rather, the appeal must have no basis in law or fact. *In re Appeal of Dunwoody Village*, 52 A.3d at 424.

Employer argues that Claimant's appeal is frivolous because she filed it for the purpose of reversing the WCJ's 2008 suspension order. Employer's Application ¶ 16. Although this Court, by order dated June 12, 2019, held that the 2008 suspension order is not properly before this Court, Employer asserts that Claimant's counsel nevertheless has "repeatedly burdened this Court" and Employer with "redundant filings which attempt to advance an argument that is entirely irrelevant to the pending appeal." *Id.* As a result, Employer asserts that Claimant's counsel's filings caused Employer to incur "unnecessary legal expenses" as it had to file

14

"responsive pleadings and motions" to address an irrelevant and moot issue and that Claimant has no chance of successfully obtaining an order from this Court overturning the 2008 suspension of her benefits. *Id.*

While Employer is correct that this Court's June 12, 2019 order held that the 2008 suspension order is not properly before this Court, there was obvious confusion in this case as to the status of Claimant's benefits. The Board, in its November 3, 2011 order remanding the matter to the WCJ for reconstruction of the record, acknowledged confusion as to whether the WCJ's 2008 order suspending Claimant's benefits remained in effect and "would trump" his 2010 order modifying Claimant's benefits. C.R. Item No. 18, Board Opinion and Order at 5. Indeed, the Board specifically directed the WCJ to *clarify the status of Claimant's benefits on remand, i.e., to explain whether Claimant's benefits were suspended or modified*, and, "if necessary, reconsider his decision in its entirety." *Id.*

For reasons that are unclear in the record, the WCJ did not issue a new decision and order until nearly six years later, on August 24, 2017, holding that the 2008 suspension and 2010 modification orders remained in effect. Claimant could have viewed the August 24, 2017 order as a new order on suspension, not simply a statement that the prior order remained in effect. Claimant properly filed a further appeal with the Board, which was ultimately successful in reversing the modification of her benefits. Although Claimant's benefits remained suspended, this does not render her appeal frivolous under these circumstances. *In re Appeal of Dunwoody Village*, 52 A.3d at 424. In light of the confusion surrounding the status of Claimant's benefits, the unusual and extensive delay attributable to the WCJ in issuing his decision after remand, and the discretion afforded to this Court, we decline Employer's request for attorneys' fees under Rule 2744.

**Conclusion**

Based on the foregoing, we affirm the Board's order denying Claimant unreasonable contest attorneys' fees under Section 440(a) of Act and we deny Employer's request for an award of attorneys' fees against Claimant's counsel pursuant to Rule 2744.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roberta Harris,                          :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Workers' Compensation Appeal              :
Board (Giant Food Stores),                :     No. 194 C.D. 2019
                    Respondent            :

O R D E R

AND NOW, this 27th day of July, 2020, the January 23, 2019 order of the Workers' Compensation Appeal Board is AFFIRMED. Additionally, Giant Food Stores' request for attorneys' fees pursuant to Pennsylvania Rule of Appellate Procedure 2744 is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge