Raymond Scaltrito, :
          Petitioner :
   :
     v. :
   :
ABF Freight Systems, Inc. (Workers' :
Compensation Appeal Board), : No. 1092 C.D. 2020
          Respondent :
   :
ABF Freight Systems, Inc., :
          Petitioner :
   :
     v. :
   :
Raymond Scaltrito (Workers' :
Compensation Appeal Board), : No. 1121 C.D. 2020
          Respondent : Submitted: June 25, 2021

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: August 20, 2021

       Raymond Scaltrito (Claimant) and ABF Freight Systems, Inc. (Employer) each petition for review of the October 20, 2020 order of the Workers' Compensation Appeal Board (Board) affirming the June 18, 2019 decision of the Workers' Compensation Judge (WCJ) that granted, in part, Claimant's Penalty Petition against Employer. Upon review, we affirm.

## I. Background

Claimant sustained a work-related knee injury on February 15, 2016, while in the employ of Employer, which accepted the injury by Notice of Compensation Payable filed March 7, 2015. *See* Board Opinion mailed Oct. 20, 2020 (Second Board Opinion) at 1. Claimant filed a Review Petition on July 14, 2016, to correct the description of his accepted injury.[1] *See id.* On July 25, 2016, Claimant filed a Penalty Petition that alleged Employer had violated the Workers' Compensation Act[2] (Act) by unilaterally ceasing the payment of weekly indemnity checks to Claimant for three weeks as of July 10, 2016. *See id.*

The WCJ conducted a hearing on the matter on March 23, 2017. At the hearing, Claimant presented the deposition testimony of Laura Cruce, the adjuster who handled Claimant's workers' compensation claim for Employer's workers' compensation insurance carrier. *See* WCJ Decision & Order circulated June 30, 2017 (First WCJ Decision) at 3-5.[3] Ms. Cruce testified that she unilaterally suspended payment of Claimant's indemnity benefits as of July 10, 2016, after

---

[1] Claimant filed a second Review Petition regarding the description of his work-related injury on October 5, 2016. *See* Board Opinion mailed Oct. 20, 2020 (Second Board Opinion) at 1.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] By way of clarification, the First WCJ Decision contains two pagination schemes. *See* First WCJ Decision at 1-11. The first pagination scheme appears at the bottom of the decision's pages and starts on the first page of the decision – the Decision Rendered Cover Letter page – and proceeds thereafter throughout the decision as "Page __ of 11." *See* WCJ Decision circulated June 30, 2017 (First WCJ Decision) at 1-11. The second page numbers scheme appears in the bolded header in the upper left-hand corner of the First WCJ Decision pages beginning with the "Procedural History" section, or what is marked in the first pagination scheme as "Page 3 of 11." *See* First WCJ Decision at 3. This opinion employs the page numbers from the first of the two pagination schemes, the "Page __ of 11" scheme located at the bottom of the pages, when citing to the First WCJ Decision herein.

receiving a medical report indicating that Claimant had reached maximum medical improvement for the work injury and that Claimant's ongoing medical complaints resulted from preexisting osteoarthritis. *See* First WCJ Decision at 4. Ms. Cruce further testified that she reinstated Claimant's indemnity benefits on the advice of counsel the day after Claimant filed the Penalty Petition and directly issued three payments to cover the three weeks of suspended indemnity payments. *See id.*

Claimant also testified at the hearing.[4] Claimant testified as to the mechanism of his February 15, 2016 work-related injury and the fact that he began receiving indemnity benefits thereafter. *See* First WCJ Decision at 7. He explained that he received a telephone call from Ms. Cruce on July 11, 2016, during which she informed him that his current medical problems were not the result of his work-related injury, that he would need to use his own insurance to continue medical treatment,[5] and that she had ceased payment of his indemnity benefits. *See id.* at 7 & 9. Claimant testified that Ms. Cruce told him that he was required to report to Employer and sign a release regarding the cessation of his indemnity payments. *See id.* at 9. Claimant testified that he did not agree to the suspension of his indemnity benefits and did not sign the release. *See id.* at 7 & 9. Claimant further explained that within days of his filing the Penalty Petition, his indemnity benefits were reinstated and he received three checks directly deposited to his bank account for the withheld weeks of indemnity benefit payments. *See id.* at 8-9.

---

[4] Claimant entered the transcript of his October 19, 2016 deposition into evidence as well as testifying live before the WCJ. *See* First WCJ Decision at 7-9.

[5] Claimant testified that, when he explained that he had told his doctors he would use his own medical insurance to treat, Ms. Cruce had told him that he should lie and not tell his doctors that he had been injured at work. *See* First WCJ Decision at 8. Ms. Cruce denied this claim. *See id.* at 5.

The WCJ issued a decision on June 14, 2017, that approved the parties' Stipulation Agreement regarding the two Review Petitions[6] and also decided the Penalty Petition. *See* Second Board Decision at 1-2. Based on the evidence presented, the WCJ found that Claimant proved that Employer violated the Act by unilaterally suspending his benefits, granted the Penalty Petition, and imposed a penalty of $1,075.22, which represented 50% of the value of the three weeks of indemnity payments previously unilaterally withheld by Employer. *See* Second Board Opinion at 2; *see also* First WCJ Decision at 10, Order. The WCJ further determined that Employer presented a reasonable contest to the Penalty Petition and accordingly denied Claimant's request for $20,267.70 in quantum meruit attorney's fees as excessive. *See* Second Board Opinion at 2; *see also* First WCJ Decision at 10. The WCJ determined instead that Claimant's counsel was entitled only to a 20% fee on the penalty awarded. *See* Second Board Opinion at 2; *see also* First WCJ Decision at 10. Claimant appealed to the Board. *See* Second Board Opinion at 2.

On review, the Board found itself unable to effectuate meaningful appellate review due to the WCJ's failure to make any findings of fact regarding Claimant's quantum meruit request beyond stating that the $20,267.70 requested was excessive in light of the penalty awarded. *See* Board Opinion mailed August 28, 2018 (First Board Opinion) at 4. As a result, the Board remanded the matter in part,[7] and directed the WCJ to make specific findings of fact and conclusions of law

---

[6] The parties' Stipulation Agreement expanded the description of the accepted work-related injury from merely a right knee strain to include an aggravation of preexisting degenerative conditions in Claimant's knee, a grade 1 popliteus muscle strain, and resulting knee joint effusion. *See* Second Board Opinion at 1. Neither this agreement nor the Review Petitions that occasioned it form any part of the instant appeal.

[7] The Board affirmed the First WCJ Decision to the extent it granted the Penalty Petition. *See* Board Opinion mailed August 28, 2018 (First Board Opinion) at 6.

4

regarding whether Employer reasonably contested the Penalty Petition.[8] *See* First Board Opinion at 4-5 & Order.

On remand, the WCJ determined that the contest was reasonable in light of the amount of the penalty imposed, Employer's right to defend itself on the penalty issues, and the fact that the length of the litigation resulted from the simultaneous prosecution of multiple petitions. *See* WCJ Decision and Order circulated June 18, 2019 (Second WCJ Decision) at 6. The WCJ further determined that, even if Employer's Penalty Petition contest was not reasonable, an appropriate, reasonable attorney's fee for such a petition in that geographic region would be no more than $400.00. *See* Second WCJ Decision at 6-7. Claimant again appealed to the Board. *See* Second Board Opinion at 2.

The Board reviewed the matter and issued the Second Board Opinion on October 20, 2020. Therein, the Board found the WCJ erred in determining that Employer's Penalty Petition contest was reasonable and reversed the Second WCJ Decision to the extent it so found. *See* Second Board Opinion at 2-5 & 7. The Board accepted, however, the WCJ's alternative amount of $400.00 as an appropriate attorney's fee for the Penalty Petition contest. *See* Second Board Opinion at 5-6 & Order. Both parties petitioned this Court for review.[9]

---

[8] The Board also remanded for the additional purpose of having the WCJ assess the reasonableness of Claimant's alleged litigation costs associated with his pursuit of the Penalty Petition. *See* First Board Opinion at 5. On remand, the WCJ determined Claimant was entitled to reimbursement of litigation costs, which Claimant's counsel claimed totaled $1,201.62. *See* WCJ Decision and Order circulated June 18, 2019 (Second WCJ Decision) at 3-4 & 7-8. Neither party challenged this determination, and thus the claimed litigation costs form no part of this appeal.

[9] In workers' compensation appeals, this Court's "scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *Morocho v. Workers' Comp. Appeal Bd. (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017)

## II. Discussion

## A. Reasonable Challenge to the Penalty Petition

In the first issue on appeal, Employer claims that the Board erred by reversing the WCJ's determination that Claimant was not entitled to quantum meruit attorney's fees because Employer's contest of the Penalty Petition was reasonable. *See* Employer's Br. at 10-13. Employer argues that its issuance of the withheld indemnity benefits only days after the wage loss periods in question ended represented only a slight violation of the Act that did not mandate the imposition of a maximum penalty, and therefore, Employer's contest of the Penalty Petition was reasonable. *See* Employer's Br. at 13. We do not agree.

Regarding the award of fees in workers' compensation matters, Section 440(a) of the Act provides as follows:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award

(citing *Johnson v. Workmen's Comp. Appeal Bd. (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)).

> Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings. In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party.

*Frog, Switch & Mfg. Co. v. Workers' Comp. Appeal Bd. (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014) (internal quotations and citations omitted).

6

> for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a), added by the Act of Feb. 8, 1972, P.L. 25. Section 440(a) of the Act is "intended to deter unreasonable contests of workers' claims and to ensure that successful claimants receive compensation undiminished by the costs of litigation." *Eidell v. Workmen's Comp. Appeal Bd. (Dana Corp.)*, 624 A.2d 824, 826 (Pa. Cmwlth. 1993). Whether an employer's contest was reasonable is a question of law, freely reviewable by this Court. *Essroc Materials v. Workers' Comp. Appeal Bd. (Braho)*, 741 A.2d 820, 826 (Pa. Cmwlth. 1999). The reviewing court must look at the totality of the circumstances surrounding the contest. *Eidell*, 624 A.2d at 826. "The issue of whether an employer's contest is reasonable is a legal conclusion based on the WCJ's findings of fact." *Derry Twp. Supervisors v. Workers' Comp. Appeal Bd. (Reed)*, 158 A.3d 194, 202 (Pa. Cmwlth. 2017) (citing *Yespelkis v. Workers' Comp. Appeal Bd. (Pulmonology Assocs. Inc.)*, 986 A.2d 194, 196 (Pa. Cmwlth. 2009)). The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue, which can be a legal or factual issue or both. *Thompson v. Workers' Comp. Appeal Bd. (Cinema Ctr.)*, 981 A.2d 968, 973 (Pa. Cmwlth. 2009); *see also Derry Twp.*, 158 A.3d at 196 ("The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant.").

Here, the WCJ reviewed the facts of the case and concluded that Employer's contest of the Penalty Petition was reasonable. *See* Second WCJ Decision at 4-6. The WCJ explained this determination as follows:

7

Employer admitted at the first hearing that a violation occurred and [that Claimant's indemnity benefits were] reinstated at least two weeks prior to that hearing and a day after the filing of the Penalty Petition. The only issue remaining was whether a penalty was warranted and the amount of the penalty. Employer elicited testimony from Ms. Cruce to explain her actions[,] but did not protract the litigation. Employer's act of unilaterally suspending benefits was egregious, but their [sic] act of defending the amount of the penalty was not egregious or harassing. Employer rightfully defended the amount when Claimant's counsel insisted on the deposition testimony on the penalty issues. Employer could not force Claimant to settle those issues and Claimant has no obligation to do so (and this Judge is not suggesting that Claimant should have settled)[,] but Employer had a right to defend against the highest penalty. Employer's defense against the maximum penalty included Ms. Cruce's concerns about . . . the medical report regarding causation, the fact that [the indemnity benefits were] immediately reinstated, and that there were only three weeks of benefits involved. This Judge ultimately disagreed with Employer on the amount of the penalty[,] but concluded that the contest over the amount of the penalty was reasonable. The length of the litigation in this matter and [the] size of the deposition transcripts are deceiving because of the additional petitions that were litigated concurrently. Based on the totality of the facts, this Judge finds that Employer's contest of the Penalty Petition was reasonable.

*Id.* at 6.

The Board found that the WCJ erred in concluding that Employer's contest of the Penalty Petition was reasonable. *See* Second Board Opinion at 3-4. Noting that the WCJ effectively determined that Employer's contest was reasonable based on a right to oppose the imposition of a maximum penalty against it, the Board

8

observed that, while employers may challenge penalty amounts, no *per se* rule exists that the contestation of a penalty constitutes a reasonable contest. *See id.* The Board further observed that employers still bear the burden of proving reasonableness of the contest, and concluded that the WCJ erred by allowing Employer to meet that burden on what the Board viewed as the singular fact that Employer had a right to challenge the amount of the penalty imposed for its conceded violation of the Act. *See id.* at 4.

Having determined that the WCJ erred, the Board proceeded to analyze whether Employer's Penalty Petition contest was reasonable under the totality of the circumstances. *See* Second Board Opinion at 4-5. The Board noted that Employer's violation of the Act – the unilateral cessation of indemnity benefit payments to Claimant – was not an unintentional error, mistake, or oversight, but instead was admitted, intentional, and egregious, and justified the maximum 50% penalty imposed. *See id.* at 4. The Board further noted the incongruity between Employer's admitted wrongdoing and its contention of the Penalty Petition, as well as the voluminous record produced[10] in relation to the relatively small penalty imposed. *See id.* Based on these facts, the Board determined that Employer did not reasonably contest the Penalty Petition. *See id.* at 5.

We find no error in the Board's reversal of the WCJ's conclusion that Employer's contest of the Penalty Petition was reasonable. The Board properly noted that no *per se* rule exists that any contest of the amount of a penalty imposed upon an employer automatically constitutes a reasonable contest. *See Lewis-Briggs*

---

[10] The Board stated that Employer was "equally, if [not] more so, responsible for any protracted litigation over a maximum penalty of $1,075.22[,]" which the Board stated was "exacerbated by [Employer's] refus[al] to allow Ms. Cruce to be deposed without the court's intervention." Second Board Opinion at 4.

*v. Workers' Comp. Appeal Bd. (Dep't of Pub. Welfare)* (Pa. Cmwlth., No. 2199 C.D. 2008, filed Dec. 2, 2009),[11] slip op. at 10 (holding that *Bates v. Workers' Comp. Appeal Bd. (Titan Constr. Staffing, LLC)*, 878 A.2d 160 (Pa. Cmwlth. 2005), did not create a *per se* rule that employers' contests are rendered automatically reasonable by virtue of challenging penalties imposed). Additionally, we find no error in the Board's determination that Employer failed to establish a reasonable basis for the contest. The Board's determination is supported by the substantial evidence of record demonstrating Employer's admitted, intentional violation of the Act, which the Board characterized as "egregious," as well as Employer's protracted litigation in relation to a maximum penalty of only $1,075.22. *See* Second Board Opinion at 4-5.

**B. The $400.00 Fee Award**

Next, Claimant argues that the Board erred in accepting the WCJ's determination that a $400.00 quantum meruit fee was appropriate to compensate Claimant's counsel for the litigation of the Penalty Petition. *See* Claimant's Br. at 18-24. We do not agree.

Where contested petitions result in a favorable decision for employees, Section 440(a) of the Act provides for the award of a "reasonable sum" of attorney's fees to the successful employee. *See* 77 P.S. § 996(a). To determine this "reasonable sum," Section 440(b) of the Act requires the WCJ to make findings regarding the amount of fees claimed, the length of time and effort expended "based upon the complexity of the factual and legal issues involved," and the duration of the

---

[11] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

10

proceedings. 77 P.S. § 996(b).[12] "[T]he question of what is a reasonable sum for attorney's fees includes factual queries and that the determination of what are reasonable attorney's fees depends on the difficulty of the work performed by claimant's attorney." *Eugenie v. Workers' Comp. Appeal Bd. (Sheltered Emp. Serv.)*, 592 A.2d 358, 361-62 (Pa. Cmwlth. 1991) (internal quotations and citation omitted). In the first instance, WCJs retain the authority and discretion to determine reasonable attorney's fees, and their judgment should be overridden only in instances of plain error. *See Eugenie*, 592 A.2d at 362. "As long as the amount and difficulty of the work performed by [a c]laimant's attorney is reasonably related to the fee awarded, this [C]ourt will not disturb the [WCJ's] award." *Elite Carpentry Contractors v. Workers' Comp. Appeal Bd. (Dempsey)*, 636 A.2d 250, 253 (Pa. Cmwlth. 1993).

Regarding the requested quantum meruit amount and the appropriate attorney's fees in the instant matter, the WCJ explained as follows:

> Even if the contest was not reasonable, Claimant's counsel's request for $20,267.70 in counsel fees is absurd. Counsel requested $325.00 per hour for his time and alleges that he personally spent 61.35 hours litigating the Penalty Petition. In addition, he requested $85.00 per hour for his paralegal staff for 3.87 hours. In this geographic region, attorneys who specialize in nothing but workers' compensation for the entirety of their career and who are

---

[12] Section 440(b) of the Act provides, in relevant part:

> If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

77 P.S. § 996(b).

recognized as Workers' Compensation Certified Specialists do not earn $325.00 per hour in this type of litigation. In addition, a close review of the quantum meruit exhibit raises concerns about the total number of hours (65.22 hours) spent on a simple penalty petition with an admitted violation of the Act and immediate reinstatement of benefits. Claimant's counsel billed for clerical tasks such as binding, scanning, copying and "inner office filing."[] This is not legal work, even if performed by a paralegal. There is also legal research billed for a simple penalty issue that was admitted from day one. Finally, the exhibit also does not appear to distinguish between time spent on the litigation of the two Review Petitions and the Penalty Petition[,] as they were litigated concurrently. (Claimant admitted to a reasonable contest on the Review Petitions in the Stipulation that was approved by [the] decision dated June 14, 2017[,] and counsel cannot now collect quantum meruit fees on the Review Petitions.) Strictly looking at the issue in the instant Penalty Petition and the time required to litigate such a straightforward issue, this Judge finds that a reasonable attorney fee in this geographic region would be no more than $400.00, which is more than one third of the penalty awarded (total penalty was $1,075.22).

Second WCJ Decision at 6-7. On review, the Board accepted the WCJ's assessment of $400.00 as an appropriate attorney's fee for this matter, explaining:

We determine that the WCJ made a sufficient assessment of the amount of the unreasonable contest fee. The WCJ concluded that $400[.00] would be a reasonable fee. Her reasonings include the relatively simple nature of the Penalty Petition, the admitted violation of the Act and immediate reinstatement of benefits, the quantum meruit request not breaking down the fee into [the] different petitions that were litigated concurrently, the geographic region, and the typical rate of attorneys with workers' compensation experience. We therefore . . . accept the

12

WCJ's alternative conclusion of a $400[.00] unreasonable contest fee.

Second Board Opinion at 5-6.

We find no error in the Board's determination. The WCJ arrived at the $400.00 fee by reviewing a multitude of factors including, but not limited to, the amount and difficulty of the work performed by Claimant's counsel, to which the amount of the fee awarded by the WCJ was reasonably related. Therefore, the Board did not err in accepting the WCJ's suggested award of $400.00 as reasonable attorney's fees for Claimant's counsel's efforts with reference to the Penalty Petition in this matter. *Elite Carpentry Contractors*.

### III. Conclusion

For the above reasons, we affirm the Board's October 20, 2020 order.

_____
CHRISTINE FIZZANO CANNON, Judge

Raymond Scaltrito,             :
          Petitioner     :
                               :
        v.               :
                               :
ABF Freight Systems, Inc. (Workers' :
Compensation Appeal Board),    :    No. 1092 C.D. 2020
          Respondent   :
                               :
ABF Freight Systems, Inc.,     :
          Petitioner     :
                               :
        v.               :
                               :
Raymond Scaltrito (Workers'    :
Compensation Appeal Board),    :    No. 1121 C.D. 2020
          Respondent   :

# **O R D E R**

AND NOW, this 20th day of August, 2021, the October 20, 2020 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge